### 27272. JORDAN v. CALDWELL et al.

GUNTER, Justice. In this case an appealable judgment was signed by the trial judge and filed with the clerk of court on March 1, 1972. Appellant's counsel received a copy of the judgment through the mail "shortly after March 1, 1972." Between the date that appellant's counsel received copy of the judgment through the mail and April 6, 1972, he called the clerk's office four (4) times to determine if the judgment had been filed in the clerk's office. Though the judgment had been filed in the clerk's office on March 1, the response he was given to the first three telephone calls was that it had not yet been filed. The response to his telephone call on April 6th was that the judgment had in fact been filed in the clerk's office on March 1st. Thirty days had obviously expired after the filing of the judgment. The appellant filed a notice of appeal on April 19, 1972.

The appellee has made a motion here to dismiss the appeal on the ground that a notice of appeal was not filed within the required 30-day period from the filing of the judgment. We therefore have squarely presented for a decision the question of the jurisdiction of an appellate court when a notice of appeal is not filed within the 30-day period or within a duly authorized extension of the 30-day period.

Art. VI, Sec. II, Par. IV of the Georgia Constitution (*Code Ann.* § 2-3704) provides, in part, as follows: "The General

Assembly may provide for carrying cases or certain classes of cases to the Supreme Court and the Court of Appeals from the trial courts otherwise than by writ of error, and may prescribe conditions as to the right of a party litigant to have his case reviewed by the Supreme Court or Court of Appeals." Pursuant to this constitutional authorization, the General Assembly enacted the Appellate Practice Act of 1965 which prescribes the conditions "as to the right of a party litigant to have his case reviewed . . ." We view these prescribed conditions as jurisdictional. See *Atkinson v. Wood,* 229 Ga. 179.

*Code Ann.* § 6-802 provides that "an appeal may be taken by filing with the clerk of the court wherein the case was determined a notice of appeal."

*Code Ann.* § 6-803 (a) provides: "A notice of appeal *shall* be filed within 30 days after entry of the appealable decision or judgment complained of. . ."

*Code Ann.* § 6-804 provides a method by which the 30-day period for filing a notice of appeal may be extended.

The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court.

We hold that the burden is on the party desiring to take the appeal to determine when the judgment is filed in the trial court, and the burden is on the party desiring to appeal to file his notice of appeal within the 30-day period or within a duly authorized extension of the 30-day period.

This court does not have jurisdiction to review the judgment sought to be appealed because of the failure to confer jurisdiction upon this court pursuant to the Appellate Practice Act. Therefore, the judgment below stands as rendered by the trial court.

*Appeal dismissed. All the Justices concur.*
ARGUED JUNE 13, 1972—DECIDED JULY 12, 1972.

*David A. Webster,* for appellant.

*William H. Rice, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Alfred L. Evans, Jr., Don A. Langham, Assistant Attorneys General,* for appellees.