33860. ASSOCIATED DISTRIBUTORS, INC. et al. v. WILLARD et al.

NICHOLS, Chief Justice.

Willard filed an equitable complaint to cancel certain liens filed by judgment creditors of T. M. Smith. Willard and Smith were the record title holders of the property on which the liens were filed. The trial court found that Smith had no equitable interest in the property and ordered the liens canceled. The order was entered on January 3, 1978, and filed with the clerk on January 5, 1978.

On April 11, 1978, appellants filed a petition for extension of time for filing an appeal, alleging that they were not notified of the court's order until April 10, 1978. After hearing, the trial court entered an order extending the time for filing a notice of appeal to May 10, 1978.

The appellee has filed a motion to dismiss the appeal, contending that under the facts of this case, the trial court was without authority to enter the order extending the time for filing the notice of appeal.

"The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court.

"We hold that the burden is on the party desiring to take the appeal to determine when the judgment is filed in the trial court, and the burden is on the party desiring to appeal to file his notice of appeal within the 30-day period or within a duly authorized extension of the 30-day period.

"This court does not have jurisdiction to review the judgment sought to be appealed because of the failure to confer jurisdiction upon this court pursuant to the Appellate Practice Act. Therefore the judgment below stands as rendered by the trial court." *Jordan v. Caldwell,* 229 Ga. 343, 344 (191 SE2d 530) (1972). See also *Rogers v. Rogers,* 238 Ga. 576 (234 SE2d 495) (1977).

Code Ann. § 6-804 explicitly requires that any application for an extension of time to file a notice of appeal "must be made before expiration of the period for filing as originally prescribed" and that "only one extension of time shall be granted for filing of notice of appeal." Those requirements are jurisdictional. *Jordan v. Caldwell,* supra.

*Appeal dismissed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

SUBMITTED SEPTEMBER 11, 1978 — DECIDED
SEPTEMBER 27, 1978.

*Thomas E. Lawrence, Webb, Fowler & Tanner, Jones Webb, J. L. Edmondson,* for appellants.

*Harvey, Willard, Elliott & Olsen, Billy Olsen,* for appellees.