62222. HARDIN v. MACON MALL et al.

BANKE, Judge.

On February 2, 1981, the court entered summary judgment for the plaintiff landlord, awarding it $9,552.47 in back rent and $975.24

in attorney fees. The defendant did not file a notice of appeal or move for an extension of time within 30 days, apparently because he did not know that the judgment had issued. On March 9, 1981, at the subsequent term of court, the judge entered an order which provided that the order of February 2 was "deemed to have been signed on February 23, 1981," and ordered that "[f]or good cause shown ... the defendant shall have until March 24, 1981, to file an appeal ..." The defendant filed his notice of appeal on March 23, 1981, and the plaintiff has moved to dismiss on the ground that the notice was not timely filed. *Held:*

The Supreme Court held in *Jordan v. Caldwell,* 229 Ga. 343, 344 (191 SE2d 530) (1972), that "the burden is on the party desiring to take the appeal to determine when the judgment is filed in the trial court, and the burden is on the party desiring to appeal to file his notice of appeal within the 30-day period or within a duly authorized extension of the 30-day period." Accord *Rogers v. Rogers,* 238 Ga. 576 (234 SE2d 495) (1977); *Associated Distributors v. Willard,* 242 Ga. 247 (248 SE2d 645) (1978). Unfortunately, the appellant's exercise of diligence in attempting to determine when the final judgment was entered does not protect him from losing his right of appeal if he fails to file within the 30-day period. The judgment in *Jordan v. Caldwell,* supra, was entered on March 1, 1972. Between that date and April 6, 1972, appellant's counsel called the clerk's office four times to determine if it had been filed and was told each time that it had not. The appeal was dismissed nevertheless.

The trial court's attempt in this case to extend the time for filing the notice of appeal does not improve the appellant's position, since no application for such an extension was made within the original 30-day filing period. See Code Ann. § 6-804; *Sheehan v. Sheehan,* 244 Ga. 367 (260 SE2d 77) (1979); *Associated Distributors v. Willard,* supra. Although we are troubled that the effect of these authorities is to penalize the diligent and the non-diligent alike, they constitute binding Supreme Court precedent, which we are without authority to modify.

*Appeal dismissed. Deen, P. J., and Carley, J., concur.*

DECIDED JULY 1, 1981.

*James I. Wood,* for appellant.
Bill Hardin, *pro se.*
*John C. Edwards,* for appellees.