61830. PESSOLANO v. GEORGE R. PRICE & ASSOCIATES.

BIRDSONG, Judge.

Barbara Pessolano entered into a contract with George R. Price & Associates for architectural services on November 30, 1978 to renovate a building. Price drew up certain plans and submitted an interim bill for services rendered to Pessolano in the amount of $2,000. Pessolano paid $1,000 toward that bill. Pessolano maintained that the renovation project was conditioned upon the obtaining of a loan from the Small Business Administration. When that loan did not come to fruition, Pessolano abandoned the project. Price having rendered extensive architectural services sought full payment for its services. When payment was not forthcoming, Price filed a laborer's lien against the property on August 8, 1979. In accordance with the terms of the contract for architectural services, Price made demand upon Pessolano for binding arbitration on August 15, 1979. On October 9, 1979 Pessolano filed a petition for cancellation of the lien. On October 29, 1979 Price moved the trial court for an order compelling arbitration. On December 29, 1979, Pessolano moved for summary judgment and for default judgment on the ground that Price had never answered her petition for cancellation except by way of a motion to compel arbitration. On April 21, 1980, the trial court entered an order denying Pessolano's motion for summary judgment and granted Price's motion to compel arbitration. The parties went to arbitration and an award was entered in favor of Price in the additional amount of $7,000. Price then moved the court for confirmation of the arbitration award. On November 25, 1980, the trial court entered its order confirming the award of the arbitrator. Twenty days after the judgment confirming the award, Pessolano, on

December 15, 1980, filed a motion to set aside the judgment, a motion to modify the arbitration award, and a motion to vacate the arbitration award. While these motions were pending before the trial court, Pessolano filed her notice of appeal to this court on December 17, 1980. The trial court finally denied the motions to set aside the judgment and to modify or vacate the arbitration award on January 30, 1981.

In its order the trial court considered the motions to set aside the judgment confirming arbitration and to modify and vacate the arbitration award to be an attack on the judgment entered on November 25, 1980. The court held that to be timely the motion to vacate and to modify the arbitration award should have been filed and heard prior to or at the time of the hearing for confirmation. Appellee contends that the motions to vacate and modify and the attack on the judgment itself occurred after the order confirming the arbitrator's award, and thus question the propriety of the judgment itself. They argue that these constitute, in effect, a motion for new trial on the confirmation hearing, or are tantamount to a motion in arrest of judgment or a motion for judgment notwithstanding the verdict. We agree and so hold.

Having concluded that Pessolano's motions to modify and vacate the arbitration award are the same as a motion for new trial, it follows that the notice of appeal filed two days after the filing of the motions to vacate and modify and while those motions were still pending before the trial court, renders the appeal in this case premature. We note also that even after the trial court denied these motions on January 30, 1981, Pessolano has failed to file a timely or valid notice of appeal.

A timely filed notice of appeal is an absolute requirement to confer jurisdiction on the appellate court. *Jordan v. Caldwell,* 229 Ga. 343 (191 SE2d 530); *Moody v. Moody,* 141 Ga. App. 185, 186 (233 SE2d 385). While the judgment of November 25, 1980 would ordinarily confer jurisdiction on this court, the notice of appeal from that judgment was premature. See *Graves v. State,* 116 Ga. App. 19 (156 SE2d 205). Moreover, even though the judgment became final on January 30, 1981, after the notice of appeal was filed on December 17, 1979, in order to confer jurisdiction on this court a notice of appeal must be filed within 30 days after entry of an appealable decision. Code Ann. § 6-803; *May v. May,* 139 Ga. App. 672 (229 SE2d 145). The subsequent overruling of the motion to vacate and modify (new trial) does not by operation of law perfect a notice of appeal filed before the judgment is final. *Department of Trans. v. Rudeseal,* 148 Ga. App. 179, 180 (251 SE2d 11). It follows that the notice of appeal in this case was and remains premature and confers no jurisdiction in this court

over this controversy. Accordingly, the motion to dismiss filed by the appellee Price is granted and the appeal is dismissed.

*Appeal dismissed. Shulman, P. J., and Sognier, J., concur.*

DECIDED JULY 2, 1981 —
REHEARING DENIED JULY 17, 1981.

*John Paul Batson,* for appellant.
*J. Carlisle Overstreet,* for appellee.