### 69749. BARTHELL v. THE STATE.
(330 SE2d 180)

BENHAM, Judge.

Appellant was convicted of several drug offenses in October 1983. His timely motion for new trial was denied on June 22, 1984. The notice of appeal in this case was filed on September 12, 1984. Appellee has filed a motion to dismiss this appeal for lack of jurisdiction because of appellant's tardiness in filing the notice of appeal. We find that motion meritorious.

In appellant's notice of appeal, he alleges that his counsel did not receive a copy of the order denying the motion for new trial until August 22, 1984, a month after the time for filing a notice of appeal. "The fact that appellant claims to have had no notice of the entry of judgment until after 30 days had run does not extend the time for filing a notice of appeal. In *Cambron v. Canal Ins. Co.*, 246 Ga. 147 (269 SE2d 426) [1980], the Supreme Court held that the failure of the trial court to notify counsel of the entry of judgment as required by OCGA § 15-6-21 (c) . . . would warrant the grant of a motion to set aside the judgment. The Supreme Court did not hold, however, that a lack of notice of entry of a judgment would extend the time for filing a notice of appeal." *Atlantic-Canadian Corp. v. Hammer &c. Assoc.*, 167 Ga. App. 257 (306 SE2d 22) (1983). Since appellant's notice of appeal was filed after the period provided for filing a notice of appeal, this court is without jurisdiction to consider the appeal.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 2, 1985.

*Mary M. Young*, for appellant.
*Gary C. Christy, District Attorney, Richard E. Thomas, Assis-*

*tant District Attorney*, for appellee.