## 73909. CRAWFORD v. KROGER COMPANY.
### (360 SE2d 274)

SOGNIER, Judge.

Daniel Crawford appeals from the trial court's denial of his motion to reopen this slip and fall case. The motion was filed 59 days after summary judgment was entered in favor of The Kroger Company.

Notwithstanding appellant's presence at the hearing on appellee's motion for summary judgment, at which the trial court's decision was announced in open court, appellant contends the trial court erred by denying his motion to reopen because the trial court did not mail him a copy of its order. In an affidavit attached to appellee's brief, the trial judge swore that on the day of that hearing he instructed counsel for appellee to mail a copy of the signed order to appellant's attorney. Appellant does not deny that such was done (although he denies receipt) but argues only that notification by the trial court of its decision from the bench and subsequent notice mailed by opposing counsel is statutorily insufficient.

1. Appellant filed this appeal directly and appellee has moved to dismiss the appeal on the grounds that an application for discretionary appeal was required under OCGA § 5-6-35 (a) (8) and (b). Although appellant denominated his motion a "motion to reopen," no such motion is contemplated or addressed by the Official Code of Georgia Annotated. In *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148 (1) (269 SE2d 426) (1980), the Supreme Court held that where no notice was sent by the trial court or the clerk to the losing party, an action may be brought under OCGA § 9-11-60 (g) to set aside the judgment. While the language in *Cambron* recognizes the virtually interchangeable nature of motions to set aside a judgment, see OCGA § 9-11-60 (d), and motions under § 9-11-60 (g) to "correct" a judgment because of clerical error, § 5-6-35 (a) (8) specifies only appeals from orders under the former. Since appeals from orders under OCGA § 9-11-60 (g) are not enumerated in OCGA § 5-6-35 (a), no application for appeal is thereby required under § 5-6-35 (b). While we agree that basically, the import and result of both motions are in most instances identical, and that logically the legislature probably did not contemplate allowing direct appeals from orders under (g) while mandating a discretionary approach for those under (d), the clear language of the statute prevents an interpretation which would render both motions subject to § 5-6-35 (b). Therefore, constrained by established principles of statutory construction to hold that § 9-11-60 (g) motions do not require applications to appeal, we must entertain appellant's direct appeal.

2. Accordingly, we turn to the merits of the appeal. In *Cambron*, supra, the Supreme Court found that a trial judge may set aside an

earlier judgment "upon a finding [by that judge] that notice was not provided as required by [OCGA § 15-6-21 (c)] . . . . Of course, where notice was sent and received, and the trial judge so finds, he should refuse to set aside the earlier judgment." Id. at 148-149 (1). The record in the case sub judice clearly reveals the trial court followed this procedure outlined and approved in *Cambron*. A hearing was held on appellant's "motion to reopen" but, unlike the lower court in *Cambron*, the trial court reached the conclusion that the evidence demanded a finding against appellant. As no transcript of that proceeding appears in the record, we must assume the trial court acted properly in that regard. *Rivers v. Owen*, 170 Ga. App. 166 (316 SE2d 579) (1984).

*Judgment affirmed. Birdsong, C. J., Deen, P. J., Banke, P. J., Carley and Benham, JJ., concur. McMurray, P. J., Pope and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

As noted, appellant's "motion to reopen" was in effect a motion made pursuant to OCGA § 9-11-60 (g), which allows corrections "arising from oversight or omission." Subsection (g) does not give a name for a motion seeking such relief, but in *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148 (1) (269 SE2d 426) (1980), the Supreme Court called it an "action," the purpose of which is to set aside the earlier judgment. Thus I fully agree that the case is properly before us.

However, I respectfully dissent with respect to the merits. In *Cambron* the Supreme Court construed OCGA § 15-6-21 (c) as requiring that notice be sent "by the trial court or by the clerk to the losing party." It is a duty, the ninety-year-old statute states, and the Court so recognized in expressing that it is not merely directory. One reason fulfillment of the duty is so crucial is that its entry sets the time running for appeal. That is precisely what concerned the Court in *Cambron* and is the situation here. See also *Barthell v. State*, 174 Ga. App. 459 (330 SE2d 180) (1985).

A lack of the statutorily mandated notice compels re-entry of the judgment and a resetting of the timeclock from that point so that the losing party has a fair opportunity to appeal. Of course, if he *did* have actual notice of the decision and entry, he has no cause to complain that the statute was not complied with exactly. So says *Cambron*. In such an instance, he would have had that fair opportunity and cannot ignore it else thereby forfeiting the right to appeal.

In the instant case the statute was not complied with and there is no evidence whatsoever that the losing party received notice. The court's shifting of its duty to the winning party gains sufficiency of compliance with the statutory command, so as to avoid the necessity to re-enter, only where the losing party receives actual notice.

The facts compel reversal.

It is to be noted that we have pretermitted the problem of the record being improperly supplemented, see OCGA §§ 5-6-41 (d) and 5-6-48 (d); *State v. Pike*, 253 Ga. 304 (320 SE2d 355) (1984); *Taylor v. Bentley*, 166 Ga. App. 887 (305 SE2d 617) (1983); and *Continental Fin. & Loan Co. v. Crystal Laundry & Cleaners*, 214 Ga. 528, 531 (105 SE2d 727) (1958).

I am authorized to state that Presiding Judge McMurray and Judge Pope join in this dissent.

DECIDED JULY 10, 1987 —
REHEARING DENIED JULY 28, 1987 —

*John L. Tracy*, for appellant.
*Hilliard P. Burt, Terry J. Marlowe*, for appellee.