### 75441. WILLIS v. THE STATE.
(366 SE2d 778)

McMURRAY, Presiding Judge.

Appellant's motion for out-of-time appeal was denied on February 27, 1987. On April 2, 1987, appellant requested, by motion, an extension of time to prepare his appeal. Appellant filed a notice of appeal on May 6, 1987. Appellee moved to dismiss appellant's appeal "on the basis that he failed to file a notice of appeal within 30 days from the date of the entering of the Judgment appealed therefrom and further failed to file said appeal within 30 days from any extension which could have been granted in said case." On June 25, 1987, the superior court granted appellee's motion to dismiss appellant's appeal. *Held*:

OCGA § 5-6-38 requires that a notice of appeal be filed "within 30 days after entry of the appealable decision or judgment complained of . . ." (No motion of a type which would toll the running of the 30-day period was filed in the case sub judice.) OCGA § 5-6-39 (c) permits only one extension of time for filing of a notice of appeal "and the extension shall not exceed the time otherwise allowed for the filing of the notices initially." Accordingly, the superior court did not err in dismissing the underlying appeal from its order of February 27, 1987. See OCGA § 5-6-48 (b) (1); *Hester v. State*, 242 Ga. 173 (249 SE2d 547); *Mayo v. State,* 148 Ga. App. 213 (251 SE2d 80). Accord *Hamby v. State*, 162 Ga. App. 348 (291 SE2d 724).

*Judgment affirmed. Birdsong, C. J., Deen, P. J., Banke, P. J., Carley, Sognier and Benham, JJ., concur. Pope and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

I respectfully dissent because the facts in the record show that defendant was effectively foreclosed from consideration on the merits of his motions and so, from his right to appeal. He has wended a long and treacherous road to this court. Although technically he appeals from the trial court's June 25 order purporting to dismiss his appeal from the February 27 order, he actually seeks to appeal from the February 27 order which denied his motion for out-of-time appeal. That

denial, he maintains, was in error so that he should be permitted to appeal from his conviction.

Defendant was convicted November 21, 1985 of two counts of aggravated assault, for which he received two 10-year, consecutive sentences. He asserted before the trial court that he had asked his retained counsel to appeal but it was not done, so when he was transferred to GDCC on December 10 he asked legal aid on December 19 to do so. Although a notice could have been timely filed then, it was not. Instead, another legal aid attorney on January 15, 1986 filed a motion for out-of-time appeal and for appointment of counsel, based on employed counsel's failure and/or refusal to file an appeal. Defendant was transferred to ACMI on March 19, 1986, two months after the motion was filed, and it languished.

On October 17, 1986, defendant filed a pro se indigent's petition for writ of mandamus against the clerk, for a trial transcript in contemplation of habeas corpus. The petition repeatedly shows his address as ACMI, and all subsequent filings by defendant show this address as well. This petition was given a motions docket number, and the clerk by counsel responded that no transcript had been filed and that a motion for out-of-time appeal from the conviction had been filed.

Defendant as petitioner replied twice to this response, and an order was entered on December 31 dismissing the petition and setting the motion for out-of-time appeal for February 20, 1987. A copy of this order was sent by the state to defendant at ACMI on January 19, telling him to file an affidavit. Defendant complied by filing an affidavit on January 29, stating that there was no transcript, that he needed one, that he requested his trial attorney to appeal but that since the attorney failed, he filed a motion for out-of-time appeal and for counsel via legal aid. He further swore that he needed the transcript for appeal and, if he was not permitted to appeal, then for habeas corpus. He set out his grounds for habeas corpus and reserved others which might appear from review of the transcript. No counter-affidavit was filed.

On Friday, February 27, 1987, over a year after the motion for out-of-time appeal was filed, the court denied it but granted a trial transcript, apparently for habeas corpus purposes. A copy of this order, but with the wrong case number, was sent by the State's attorney, not by the clerk. Where it was sent is not shown by the record. Then on March 12, again the state and not the clerk sent a corrected copy of the order to defendant, addressing it to GDCC even though defendant's address on court records was ACMI. The envelope was received in Jackson on March 16, forwarded to ACMI on March 20, and received by defendant on March 23.

Believing that he had only three days to file a notice of appeal

from the order (although he had seven days since the thirtieth day would be Sunday, March 29, giving him until March 30), he filed a motion for extension of time to file an appeal from the February 27 order. Apparently, as acknowledged by the state, the first motion was filed March 24, which would have been timely but had the wrong number because the wrong number appeared on the order, so the corrected motion (dated March 30) was not filed until April 2. Appellant sought an extension because of the late receipt of the February 27 order, the wrong number on the order, and still the lack of a trial transcript.

If this motion had been considered timely because of the March 24 effort, the court could have granted an extension to April 28. The motion was never ruled on, so defendant filed a notice of appeal on May 5 from the February 27 order, in forma pauperis, and simultaneously an "application for certificate of probable cause to appeal," in the nature of an appellate brief.

The state on June 9 moved to dismiss the appeal because the notice of appeal from the February 27 order was not timely, and it further moved to supplement the record with an affidavit of trial counsel also dated June 9 concerning the original discussions regarding the filing of an appeal. Defendant responded. On June 25 an order was entered dismissing the appeal from the February 27 order, citing OCGA §§ 5-6-38 and 5-6-39 and *Associated Distrib. v. Willard*, 242 Ga. 247 (248 SE2d 645) (1978), and permitting the record to be supplemented as requested.

The criminal trial transcript was sent to defendant by the clerk the next day, and on July 1 defendant filed a timely notice of appeal from the June 25 order, contending that the court erred in denying the out-of-time appeal from the February 27 order and in denying appointment of counsel.

Appellant points out on appeal that the "court below did not as required by law, send to appellant a copy of its order of February 26 [entered February 27]." OCGA § 15-6-21 (c) states that when a judge decides a motion, "it shall be the duty of the judge to file his decision with the clerk of the court in which the case [is] pending and to notify the attorney or attorneys of the losing party of his decision." Obviously, if a party is proceeding pro se, the notice would have to be to him rather than to an attorney.

The court never notified defendant of its decision of February 27, nor did defendant ever have reasonably timely and accurate actual notice. The jurisdictional requirement in OCGA § 5-6-38 (a) that "[a] notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of" presumes a fulfillment of the law insofar as notice of the decision is concerned. Fulfillment of the duty in OCGA § 15-6-21 (c) would result in timely notice. The

two statutes work hand in hand. A losing party cannot be expected to file a notice of appeal within 30 days if he does not have notice of the decision. The misdirected copy sent by the state did not serve the purpose, and what is more, the first one had the wrong case number. Even defendant's attempt to extend the time was ignored until it was too late; it could have been extended to April 28 but it was never ruled on.

The procedural facts mandate a reversal of the order of June 26 and the entry of a new order on defendant's motion for an out-of-time appeal, with compliance with OCGA § 15-6-21 (c) so that defendant has a timely opportunity to appeal. *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148 (1) (269 SE2d 426) (1980). Compare *Barthell v. State*, 174 Ga. App. 459 (330 SE2d 180) (1985). See *Jefferson-Pilot Fire &c. Co. v. Combs*, 166 Ga. App. 274 (304 SE2d 448) (1983), and the dissent in *Crawford v. Kroger Co.*, 183 Ga. App. 836, 837 (360 SE2d 274) (1987).

The case cited by the trial court, *Associated Distrib.*, supra, quotes and follows *Jordan v. Caldwell*, 229 Ga. 343, 344 (191 SE2d 530) (1972). Both were civil cases. *Associated Distrib.* relates to an attempt to extend the time when the court had lost jurisdiction to do so, which is not the issue here. Besides, it was overruled in *Cambron*, supra at 148-149, to the extent that it is contrary.

In *Jordan*, appellant's counsel was promptly notified by receipt of the court's judgment but not of the date of its entry. The burden "to determine *when*" the judgment was filed was held to be upon that losing party, who wished to appeal. The decision is thus not controlling, because the pro se defendant in this criminal case was not timely notified *that* the decision was made and the order filed. Moreover, *Jordan* was also overruled to the extent that *Cambron* held otherwise.

The duty to notify is the court's, as OCGA § 15-6-21 (c) provides. Then the losing party, having been informed that the decision has been made and is adverse, must ascertain *when* the decision was entered if he wishes to invoke the procedure for appeal. Otherwise he will not be able to comply with it. Casting upon both parties the duty to constantly check with the clerk to determine *whether* a decision has been made has no basis in law or in practical common sense.

I am authorized to state that Judge Pope joins in this dissent.

DECIDED FEBRUARY 15, 1988 —
REHEARING DENIED MARCH 4, 1988 — ▋

Walter Willis, *pro se.*
*Don E. Snow*, for appellee.