A89A0862. BROOKS et al. v. FEDERAL LAND BANK OF COLUMBIA.
(388 SE2d 704)

CARLEY, Chief Judge.

On October 2, 1987, a default judgment was entered in favor of appellee-plaintiff against appellant-defendants. Subsequently, appellee filed a motion pursuant to OCGA § 9-11-60 (g), seeking to correct a mistake in the default judgment, and appellants filed a motion pursuant to OCGA § 9-11-60 (d), seeking to set aside the default judgment. The trial court, after conducting a consolidated hearing, granted appellee's motion and denied appellants' motion. Appellants filed a single notice of appeal purporting to bring this direct appeal

from both of the trial court's orders.

1. The grant of appellee's OCGA § 9-11-60 (g) motion is a final order which is directly appealable by appellants. See *Crawford v. Kroger Co.*, 183 Ga. App. 836 (360 SE2d 274) (1987). The denial of appellants' OCGA § 9-11-60 (d) motion is also a final order, but it is not directly appealable by them because of the applicability of the provisions of OCGA § 5-6-35 (a) (8). Accordingly, the initial issue to be resolved is whether this court has jurisdiction to address the denial of appellants' OCGA § 9-11-60 (d) motion.

"A careful reading of OCGA § 5-6-35 leads us to the inescapable conclusion that the legislature never intended for the application procedure to be circumvented. The statute begins by stating, 'Appeals in the following cases shall be taken as provided in this Code section' and goes on to include within the following cases appeals from orders 'denying a motion to set aside a judgment.' OCGA § 5-6-35 (8). Subsection (b) provides[:] 'All appeals taken in cases specified in subsection (a) of this Code section shall be by application. . . .' Thus the statute makes it clear that an application must be filed to appeal from an order denying a motion to set aside a judgment." *State Farm &c. Ins. Co. v. Yancey*, 258 Ga. 802 (375 SE2d 39) (1989). OCGA § 5-6-34 (d) and *Southeast Ceramics v. Klem*, 246 Ga. 294 (271 SE2d 199) (1980) are not authority to the contrary. See *State Farm &c. Ins. Co. v. Yancey*, supra at 802, fn. 1.

Accordingly, in order for appellants to secure an appellate review of the denial of their OCGA § 9-11-60 (d) motion, they would be required to comply with the discretionary appeal provisions of OCGA § 5-6-35. They have not done so. This court has jurisdiction to consider only the grant of appellee's OCGA § 9-11-60 (g) motion and such other judgments, rulings, or orders as were rendered in connection with the grant of that motion.

2. None of appellants' enumerations of error is directed toward the trial court's grant of appellee's OCGA § 9-11-60 (g) motion. All of appellants' enumerations of error relate to the trial court's denial of their OCGA § 9-11-60 (d) motion. As discussed in Division 1, this court has no jurisdiction to address any issue concerning the purported invalidity of the underlying default judgment. We have jurisdiction only to address the issue of whether there was a clerical mistake in the underlying default judgment which the trial court was authorized to correct pursuant to OCGA § 9-11-60 (g). Since appellants enumerate no error as to this issue, it follows that the grant of appellee's OCGA § 9-11-60 (g) motion must be affirmed.

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., concurs in judgment only.*

DECIDED SEPTEMBER 28, 1989 —
REHEARING DENIED NOVEMBER 1, 1989 — 

*Tom K. Smith*, for appellant.
*Allen, Brown & Bruce, Charles H. Brown*, for appellee.