A99A1383. REID v. ROYAL CREEK APARTMENTS LIMITED PARTNERSHIP et al.
(521 SE2d 210)

MCMURRAY, Presiding Judge.

Plaintiff Victoria L. Reid brought this tort action against defendants Royal Creek Apartments Limited Partnership and Royal Creek Apartments Corporation of Georgia, seeking to recover for damage to her personal property caused when a sewage line erupted, emitting raw sewage throughout plaintiff's apartment. Defendants denied the material allegations and the case was tried before a jury which returned a general verdict for defendants. Proceeding pro se, plaintiff filed a timely notice of appeal from the judgment entered on this defense verdict. *Held*:

In six enumerations of error, plaintiff complains of various evidentiary rulings made by the trial court. We are, however, unable to

consider the merits of any of these contentions.

The notice of appeal directs the clerk to please "omit nothing from the record/case on appeal, . . . and send forth the entire record/case." The certificate of the Deputy Clerk, Superior Court of Fulton County, Georgia, recites that the "entire record on appeal consists of the foregoing Notice of Appeal and Transcript of Record." But there is no transcript of the evidence adduced at trial, nor any statutorily authorized substitute.

> In order for the appellate court to determine whether the judgment appealed from was erroneous, it is the duty of the appellant to include in the record those items which will enable the appellate court to perform an objective review of the evidence and proceedings. OCGA § 5-6-41 (c). "Thus, where the transcript is necessary[, as in the case sub judice,] and appellant omits it from the record on appeal [or fails to submit a statutorily authorized substitute], the appellate court must assume the judgment below was correct and affirm. [Cits.]" [Cit.]

*Deen v. United Dominion Realty Trust*, 218 Ga. App. 443 (1), 444 (462 SE2d 384). In the case sub judice, plaintiff's six evidentiary enumerations present nothing for review, because in the absence of a transcript we are bound to conclude the trial court correctly ruled, and so affirm the judgment.

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED JULY 23, 1999 —
RECONSIDERATION DENIED AUGUST 6, 1999

Victoria Reid, *pro se.*
Lane, O'Brien & Caswell, Eugene O'Brien, Temple, Strickland & Dinges, William D. Strickland, for appellees.