### A00A2450. PORTER et al. v. TISSENBAUM.
(545 SE2d 372)

MILLER, Judge.

Plaintiff Marc Tissenbaum sued New York residents Darwin Porter and Danforth Prince in the Superior Court of Wilkes County, Georgia, seeking damages for intentional infliction of emotional distress, invasion of privacy, assault, battery, and trespass arising out of alleged sexual harassment of Tissenbaum at defendants' place of business in Washington, Georgia. Proceeding pro se, defendants answered and denied the material allegations. They also timely responded to requests for admissions sent to the return address given with the answer and propounded their own discovery.

On September 29, 1999, the case appeared as "#10" on a published trial calendar for November 1, 1999. At the sound of the case, plaintiff announced ready, but defendants did not appear. The court noted that it had received a telefacsimile communication from New

---

York that morning, in which defendant Porter stated: "[H]aving learned there was a civil case pending against me and Mr. Prince only at 11:05 p.m. Sunday, October 31st, I cannot appear in court today." Porter claimed he had received no official notice of trial in the mail and requested a postponement. In response to direct inquiry by the trial court, the clerk affirmed that, on September 29, she sent a copy of the trial calendar to defendants Prince and Porter at the address of record as provided by defendants and that the notice had not been returned as undeliverable.

Rather than grant a postponement, the trial court granted plaintiff's motion for default judgment and struck defendants' answer, whereupon the issue of damages was tried to a jury. This trial was not reported. The jury awarded Tissenbaum $1 million in compensatory damages and found that he was entitled to punitive damages. In a special interrogatory, the jury determined that defendants specifically intended to harm plaintiff and awarded $3 million in punitive damages. Judgment was entered accordingly for $4 million against defendants jointly and severally.

Defendants retained local counsel and timely moved to set aside the default judgment and for a new trial. The trial court denied the motion to set aside the judgment but granted a new trial as to damages only unless plaintiff accepted a reduced damage award of $100,000 in general damages and $300,000 in punitive damages. The court stated that plaintiff's failure to expressly reject the reduced award by written pleading would constitute an acceptance. The record contains no written rejection of the diminished award, and so it was deemed accepted and the order final. On appeal, defendants contend the trial court erred in denying their motion for new trial because (1) the verdict is excessive; (2) the verdict is based on inadmissible evidence; (3) the verdict is not supported by any evidence that Porter committed battery; and (4) the failure of defendants to appear was for good cause. We affirm.

1. The trial court did not manifestly abuse its discretion in denying a new trial on the ground that the verdict was excessive since the court exercised its authority under OCGA § 51-12-12 (b) and reduced the damages by $3.6 million, i.e., to only ten percent of those awarded by the jury.[1] This was a conditional grant of defendants' motion.[2]

2. The second and third enumerations raise evidentiary matters which cannot be considered because there is no transcript of the unrecorded trial and no statutorily authorized substitute. In the

[1] *Jacobsen v. Haldi*, 210 Ga. App. 817, 819 (1) (437 SE2d 819) (1993).
[2] See *Spence v. Maurice H. Hilliard, Jr., P.C.*, 260 Ga. 107, 108 (1) (389 SE2d 753) (1990) (OCGA § 51-12-12 does not authorize trial court to reduce damages and then *deny* new trial).

absence of a transcript, we are bound to conclude the trial court correctly ruled and so affirm as to these contentions.[3]

3. The fourth enumeration contends the trial court erred in denying a new trial because defendants' nonappearance was due to the fact that, through no fault of their own, they received no notice of the time for trial.

The trial court may set aside a judgment based on "[f]raud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant."[4] Conversely, this Code section is inapplicable where there is any negligence or fault on the part of the movant.[5]

Although defendants presented evidence that they ran a publishing business out of the address given, receiving from 250 to 500 pieces of mail per day, and deposed that they received no actual notice, the trial court was authorized to draw adverse inferences from the uncontradicted testimony of the clerk that she timely sent a copy of the trial calendar with adequate postage to the return address defendants gave with their answer.[6] The circumstances authorized the trial court's conclusion that these pro se defendants were at fault for failing to exercise diligence to stay abreast of the pending action against them. Consequently, the denial of defendants' motion to set aside the judgment is supported by evidence and is not an abuse of discretion or otherwise in error.[7]

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 5, 2001.

*Gail A. Mackinson, Cynthia L. Montgomery*, for appellants.
*J. Hue Henry, Christopher L. Casey*, for appellee.

---

[3] *Reid v. Royal Creek Apts. Ltd. Partnership*, 239 Ga. App. 536, 537 (521 SE2d 210) (1999).

[4] OCGA § 9-11-60 (d) (2).

[5] *Mitchell v. Speering*, 239 Ga. App. 472, 473 (521 SE2d 419) (1999).

[6] *Trice v. Howard*, 130 Ga. App. 895 (2) (b) (204 SE2d 808) (1974) (presumption that clerk gave notice as required by statute); *Watkins Products v. England*, 123 Ga. App. 179, hn. 1 (180 SE2d 265) (1971) (proof that a letter (1) was written; (2) was properly addressed; (3) contained correct postage; and (4) was duly mailed "create[s] a presumption that the letter was *received*") (emphasis supplied).

[7] *Aycock v. Hughes*, 189 Ga. App. 838 (1) (377 SE2d 689) (1989). See *T.A.I. Computer v. CLN Enterprises*, 237 Ga. App. 646, 648 (2) (516 SE2d 340) (1999) (abuse of discretion standard).