A00A1929. MAGNOLIA COURT APARTMENTS, INC. v. CITY OF ATLANTA et al.
(545 SE2d 643)

BLACKBURN, Chief Judge.

In this case involving the allegedly wrongful condemnation and demolition of apartment buildings found unfit for human habitation, Magnolia Court Apartments, Inc. appeals the dismissal with prejudice of its case for money damages against the City of Atlanta and Dale S. Haygood, Chief Demolition Officer of the City of Atlanta. Magnolia contends that the trial court erred by finding that (1) ante litem notice was required before suit could be filed against the City and (2) there was no evidence that Haygood, who was sued in her official capacity, acted with wilfulness, malice, or corruption. Magnolia instructed the clerk of the court to specifically exclude the transcript of the trial court's hearing on these issues from our review. Magnolia has otherwise failed to support its enumerations of error with citations to the record and case law in the five-sentence brief which it filed. We therefore affirm.

Since there is no transcript of the hearing, we are left with the pleadings, orders, and briefs of the parties. While not proper evi-

dence, they reflect that on May 25, 1995, the City's In Rem Review Board issued an order to demolish the apartments unless they were repaired and made habitable within 60 days. On June 2, 1995, Magnolia filed a complaint against the City and Haygood, requesting (1) a temporary or permanent injunction against the demolition and (2) compensation of $1 million for the pending demolition. Magnolia, however, did not request a hearing on its complaint, and demolition began, per the In Rem Board's order, on August 2, 1995. Magnolia then moved for a hearing on its injunction, and the City agreed to a voluntary ten-day temporary injunction from August 10 to August 20, 1995. On August 20, 1995, the City resumed its demolition of the apartments until they had been completely razed to the ground. Magnolia again moved the trial court to consider its request for an injunction, and, on January 17, 1996, the trial court found such request to be moot because the apartments had already been demolished.

Thereafter, on August 16, 1996, Magnolia filed a motion for summary judgment on its remaining claim that it should be compensated by the City for the demolition of its apartments. This motion was denied, and Magnolia's claim for damages or compensation went to trial.

At the beginning of the trial, the defendants made a motion to dismiss Magnolia's case, contending that Magnolia failed to provide the City with ante litem notice pursuant to OCGA § 36-33-5 and that Magnolia had no claim against Haygood, who had approved the demolition in her official capacity. The trial court granted the motion to dismiss, and Magnolia now appeals.

Although the hearing regarding the City's motion to dismiss would be the main source of information to decide the issues in this case, Magnolia, in its notice of appeal, specifically asked that the transcript of this hearing be excluded from the record on appeal.

> In order for the appellate court to determine whether the judgment appealed from was erroneous, it is the duty of the appellant to include in the record those items which will enable the appellate court to perform an objective review of the evidence and proceedings. OCGA § 5-6-41 (c). Thus where the transcript is necessary, as in the case sub judice, and appellant omits it from the record on appeal . . . , the appellate court must assume the judgment below was correct and affirm.

(Punctuation omitted.) *Reid v. Royal Creek Apts.*[1] Here, Magnolia has

---

[1] *Reid v. Royal Creek Apts.*, 239 Ga. App. 536, 537 (521 SE2d 210) (1999).

chosen to exclude from our review the transcript which contains material at the very heart of this appeal. As such, we must assume that the trial court was correct in its rulings. Id.

Moreover, Magnolia has wholly failed to support its enumerations of error filed with this Court. The argument contained in Magnolia's brief, which contains a grand total of five sentences, makes no references to the record or transcript (which it purposefully excluded) in support of the enumerated errors, thereby violating Court of Appeals Rule 27. Magnolia merely contends that the order of the trial court was erroneous and expects this Court to scour the record to garner evidence on its behalf and to perform the legal research for it. " 'It is not the function of this court to cull the record on behalf of a party in search of instances of error. The burden is upon the party alleging error to show it affirmatively in the record.' " *Bergmann v. McCullough.*[2] Because Magnolia has made no effort to shoulder its burdens, there is nothing for us to review.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED FEBRUARY 16, 2001 —
RECONSIDERATION DENIED APRIL 2, 2001 ▮▮▮▮▮▮▮

*Moreton Rolleston, Jr.,* for appellant.
*Bernard R. Thomas, Sr., Susan P. Langford,* for appellees.

---

[2] *Bergmann v. McCullough,* 218 Ga. App. 353, 355-356 (3) (461 SE2d 544) (1995).