A02A0424. AMAECHI v. LIB PROPERTIES, LTD. et al.
(561 SE2d 137)

ELDRIDGE, Judge.

On September 13, 2001, plaintiff Elsie Amaechi, pro se, filed a notice of appeal from the August 22, 2001 order of the trial court denying plaintiff's motion to set aside its order granting summary judgment to Lib Properties, Ltd. and Mark C. Walker. See OCGA § 9-11-60 (d) (2). This appeal comes as a direct appeal from the May 8, 2000 grant of summary judgment instead of as a discretionary appeal from the August 22, 2001 denial of the motion to set aside judgment as indicated in the notice of appeal, although such notice sets out the August 22, 2001 order as the order appealed. Further, the enumeration of error addresses only the grant of summary judgment and not the denial of the motion to set aside. If any attorney failed to properly enumerate the denial of the plaintiff's motion to set

aside a judgment as an error or to cite to the record, then the appeal would be dismissed out of hand for failing to follow the rules of this Court. See Court of Appeals Rule 27 (c) (2); *Dixon v. MARTA*, 242 Ga. App. 262, 266 (4) (529 SE2d 398) (2000); *Brooks v. Fed. Land Bank &c.*, 193 Ga. App. 591, 592 (2) (388 SE2d 704) (1989) (physical precedent only). However, as a pro se appellant, some indulgence must be given. But no amount of liberality can confer subject matter jurisdiction upon this Court. When a denial of a motion to set aside judgment is appealed, this must be done by timely application for discretionary appeal. OCGA §§ 5-6-35 (a) (8); 9-11-60 (d). Absent the grant of leave to file a discretionary appeal by this Court and the subsequent filing of the timely notice of appeal, this Court does not obtain jurisdiction to consider any issue raised in the motion to set aside a judgment. OCGA § 5-6-35 (b); *Bonnell v. Amtex, Inc.*, 217 Ga. App. 378 (457 SE2d 590) (1995); *Brooks v. Fed. Land Bank*, supra at 592; *Cranman Ins. Agency v. Wilson Marine Sales &c.*, 147 Ga. App. 590, 591 (249 SE2d 631) (1978), overruled on other grounds, *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980).

If the trial court fails to give notice to the party as mandated under OCGA § 15-6-21 (c) of the entry of a final order, the motion to set aside such order should be determined under OCGA § 9-11-60 (g) as a clerical error. See *Cambron v. Canal Ins. Co.*, supra at 148-149 (1). Thus, if the motion is considered by the trial court under OCGA § 9-11-60 (g) instead of under OCGA § 9-11-60 (d), then there exists a right of direct appeal. *Carnes Bros., Inc. v. Cox*, 243 Ga. App. 863, 864 (534 SE2d 547) (2000); *Kendall v. Peach State Machinery*, 215 Ga. App. 633, 634 (1) (451 SE2d 810) (1994); *Crawford v. Kroger Co.*, 183 Ga. App. 836 (1) (360 SE2d 274) (1987). However, where the trial court determines that the proper notice was provided to the party by the trial court and that nonreceipt of the notice was through the negligence of the party in failing to provide the court with a change of address, then the trial court's determination comes under OCGA § 9-11-60 (d) (2), requiring a discretionary appeal, because the trial court sent the notice to the address the party included in their pleadings, and the party failed to correct such address. *Porter v. Tissenbaum*, 247 Ga. App. 816, 818 (3) (545 SE2d 372) (2001). Such was the case here, where the trial court determined that it was the plaintiff's fault that notice was not received. Therefore, this Court never reaches the issue the pro se plaintiff seeks to put before this Court, i.e., whether the trial court erred in granting summary judgment.

When summary judgment has been granted and the trial court fails to give notice to the parties within the term when such order was granted, allowing a timely direct appeal, the party's sole remedy is to seek to set aside the judgment, because the 30-day time within which to make a direct appeal has expired and the judgment has

become final. OCGA § 5-6-34 (a) (1). Any notice of appeal filed after the 30 days fails to give this Court jurisdiction and must be dismissed for want of jurisdiction. *Peppers House Restaurant v. Siefferman*, 156 Ga. App. 114 (274 SE2d 43) (1980). It is for the trial court to determine from the evidence before it if, in fact, it was the fault of the trial court or of the party as to why no notice of the grant of the summary judgment was not received by the plaintiff, allowing a direct appeal within 30 days of the entry of summary judgment. In this case, the trial court denied the motion to set aside the grant of summary judgment. Absent jurisdiction, this Court cannot now go to the underlying issue of the grant of summary judgment as sought by this pro se plaintiff. Therefore, this Court dismisses this appeal for lack of jurisdiction.

*Appeal dismissed for lack of jurisdiction. Smith, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 8, 2002 —
RECONSIDERATION DENIED FEBRUARY 28, 2002 — 

Elsie Amaechi, *pro se.*

*Hawkins & Parnell, Christine L. Mast, Kim M. Jackson, Freed & Berman, Gary S. Freed, Aaron B. Chausmer, Kenneth A. Hindman,* for appellees.

