A06A2312. IN THE INTEREST OF S. C., a child.
(641 SE2d 618)

ADAMS, Judge.

The parents of S. C. appeal the order of the Juvenile Court of Gwinnett County denying their motion to rescind and re-enter a dismissal order. We affirm because the parents fail to assert that the juvenile court erred in denying the motion to rescind.

Following an emergency hearing, the Juvenile Court of Gwinnett County granted custody of 17-year-old S. C. to the Gwinnett County Department of Family and Children Services. The juvenile court found S. C. to be deprived within the meaning of OCGA § 15-11-2 (8) because her parents refused to allow the child's life-threatening injuries to be treated with blood transfusions. At the subsequent adjudicatory hearing, the Department moved to dismiss the deprivation petition, and the parents consented to the dismissal. The juvenile court entered a written order of dismissal on March 18, 2005 in which it found that S. C. was no longer deprived.

After more than 30 days had elapsed from the entry of the dismissal order, the parents moved the juvenile court to rescind and re-enter the dismissal order under OCGA § 9-11-60 (g) on the grounds that the trial court failed to give proper notice of its decision in accordance with OCGA § 15-6-21 (c). See Cambron v. Canal Ins. Co., 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980) (if trial court fails to give notice of its decision, then judgment may be re-entered, and 30-day appeal period will run from date of re-entry). The juvenile court denied the motion.

The parents appeal directly from the denial of their motion to rescind. See Crawford v. Kroger Co., 183 Ga. App. 836 (1) (360 SE2d 274) (1987) (denial of motion under OCGA § 9-11-60 (g) is subject to direct appeal). However, the parents fail to enumerate as error that the juvenile court erred in denying that motion. See, e.g., Woods v. Savannah Restaurant Corp., 267 Ga. App. 387, 388 (599 SE2d 338) (2004) (pertinent issue in the appeal was whether the trial court erred in failing to comply with OCGA § 15-6-21 (c)). Rather, the parents enumerate as error certain of the juvenile court's rulings in the deprivation proceedings. Since the parents appeal from the denial of

their motion to rescind and re-enter the dismissal order, and not from the dismissal order, which was not timely appealable unless re-entered, we have no jurisdiction to consider the errors asserted by the parents in the underlying deprivation case. See *Amaechi v. Lib Properties*, 254 Ga. App. 74, 76 (561 SE2d 137) (2002) (trial court denied motion to set aside summary judgment, and this court could not address underlying issue of grant of summary judgment absent jurisdiction). Further, as the parents fail to enumerate any error in connection with the juvenile court's denial of their motion to rescind, that order must be affirmed. See, e.g., *Ryder Integrated Logistics v. BellSouth Telecommunications*, 277 Ga. App. 679, 683 (2) (627 SE2d 358) (2006) (rulings not enumerated as error stood affirmed); *Brooks v. Fed. Land Bank of Columbia*, 193 Ga. App. 591, 592 (2) (388 SE2d 704) (1989) (physical precedent) (since none of appellant's enumerations of error were directed to the only relevant issue, which was whether there was a clerical mistake in the underlying judgment, the trial court's order was affirmed).

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 1, 2007.

*Chuck Sylvester*, for appellants.

*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Ashley A. Stinson*, for appellee.