# Court of Appeals
# of the State of Georgia

ATLANTA,  August 01, 2017

*The Court of Appeals hereby passes the following order:*

**A17A2080. AARON ROBINSON v. UNIFUND CCR PARTNERS.**

Unifund CCR Partners ("Unifund") instituted a collection action against Aaron Robinson in magistrate court. The magistrate court found in favor of Robinson, and Unifund appealed to state court. The state court entered a default judgment in favor of Unifund. Robinson filed a motion to set aside the judgment, arguing that he was not given proper notice of the state court's judgment. The state court denied the motion, and Robinson filed this direct appeal. We lack jurisdiction.

When a trial court fails to timely provide an order to an aggrieved party, that party may file a motion to have the order vacated and re-entered to begin anew the time for filing an appeal.  See *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148 (1) (269 SE2d 426) (1980).  Such a motion is authorized by OCGA § 9-11-60 (g).  See id; *Crawford v. Kroger Co.*, 183 Ga. App. 836 (360 SE2d 274) (1987).

Ordinarily, a party may appeal directly the denial of a motion to set aside under *Cambron*. However, the underlying subject matter of an appeal controls over the relief sought in determining the proper appellate procedure. See *Rebich v. Miles*, 264 Ga. 467, 467-468 (448 SE2d 192) (1994).  Here, because the state court's order involved the de novo appeal of a magistrate court decision, Robinson was required to follow the discretionary appeal procedures to obtain this Court's review.  See OCGA § 5-6-35 (a) (11); *Bullock v. Sand*, 260 Ga. App. 874, 875 (581 SE2d 333) (2003) (holding that a discretionary application is required following the superior court's grant of summary judgment following a de novo appeal from magistrate court); *Strachan v. Meritor Mortgage Corp. East*, 216 Ga. App. 82 (453 SE2d 119)

(1995).  Robinson's failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,   08/01/2017          *
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*