# Court of Appeals
# of the State of Georgia

ATLANTA,  August 17, 2017

*The Court of Appeals hereby passes the following order:*

**A17A1858. DALE M. IRVING v. ANLOCK DEVELOPMENT CORPORATION d/b/a BLANKENSHIP TRUCK REPAIRS et al.**

Dale M. Irving sued Anlock Development Corporation d/b/a Blankenship Truck Repairs and Kelly Lord (collectively, "the Defendants"). The trial court dismissed the complaint as a sanction for spoliation of evidence. Irving appealed, and we affirmed the ruling in accordance with Court of Appeals Rule 36. See *Irving v. Lord*, Case Number A15A0462, decided May 12, 2015. Thereafter, Irving filed an extraordinary motion for new trial based upon newly discovered evidence. The trial court denied the motion, and Irving filed a motion to vacate and set aside the order on the basis that he was not given timely notice of the trial court's ruling. The trial court denied the motion, and Irving filed this direct appeal. We lack jurisdiction.

When a trial court fails to timely provide an order to an aggrieved party, that party may file a motion to have the order vacated and re-entered to begin anew the time for filing an appeal. See *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148 (1) (269 SE2d 426) (1980). Such a motion is authorized by OCGA § 9-11-60 (g). See id; *Crawford v. Kroger Co.*, 183 Ga. App. 836, 836 (1) (360 SE2d 274) (1987). Ordinarily, a party may appeal directly the denial of a motion to set aside under *Cambron*. However, the underlying subject matter of an appeal controls over the relief sought in determining the proper appellate procedure. See *Rebich v. Miles*, 264 Ga. 467, 467-468 (448 SE2d 192) (1994).

Here, because the trial court's order involved the denial of an extraordinary motion for new trial, Irving was required to follow the discretionary appeal procedures to obtain appellate review. See OCGA § 5-6-35 (a) (7); *Rebich*, supra.

Irving's failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,  08/17/2017*

       *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
       *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*