# Court of Appeals
# of the State of Georgia

ATLANTA,  March 05, 2026

*The Court of Appeals hereby passes the following order:*

## A26A1209. WILLIAM H. WAITS, III v. EA HOMES, LP

In May 2022, William H. Waits, III filed suit against EA Homes, LP seeking to vacate an arbitration award. The trial court dismissed that complaint in November 2022, finding, inter alia, that Waits was without standing to challenge the arbitration award. Waits filed a notice of appeal from the November 2022 order, but the appeal was dismissed in August 2023, after he failed to pay costs. In March 2025, Waits filed a motion to reopen the case and for a new trial. The trial court denied that motion, and Waits filed this direct appeal. We lack jurisdiction.

Because the Official Code of Georgia does not recognize a "motion to reopen," such a motion is treated as a motion to set aside. *Crawford v. Kroger Co.*, 183 Ga. App. 836, 836(1) (360 SE2d 274) (1987); OCGA § 9-11-60. And an appeal from the denial of a motion to set aside requires the filing of an application for discretionary appeal. See OCGA § 5-6-35(a)(8), (b); *Jim Ellis Atlanta v. Adamson*, 283 Ga. App. 116, 116-17 (640 SE2d 688) (2006). "Compliance with the discretionary appeals procedure is jurisdictional." *Hair Restoration Specialists v. State of Ga.*, 360 Ga. App. 901, 903 (862 SE2d 564) (2021) ( quotation marks omitted). Consequently, "[f]ailure to file an application when one is necessary requires that the appeal be dismissed." *Evans v. Jackson*, 368 Ga. App. 170, 173(1) (889 SE2d 343) (2023) (quotation marks omitted).

Accordingly, this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,___03/05/2026_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.