### 75219. ROBINSON et al. v. KEMP MOTOR SALES, INC.
(364 SE2d 623)

CARLEY, Judge.

On April 30, 1986, appellee-plaintiff initiated proceedings for the judicial confirmation of the sale of realty. See OCGA § 44-14-161. On July 22, 1986, after conducting a hearing, the trial court entered an order which confirmed the sale. Appellant-defendants filed no timely notice of appeal from this order. On August 25, 1986, the trial court entered another "judgment" in the confirmation proceedings, awarding appellee a deficiency judgment against appellants in a specified amount, attorney fees, and interest. The entry of this deficiency "judgment" in the confirmation proceedings was clearly erroneous.

See generally *Jones v. Hamilton Mtg. Corp.*, 140 Ga. App. 490 (231 SE2d 491) (1976); *Scroggins v. Harper*, 138 Ga. App. 783 (1) (227 SE2d 513) (1976). However within thirty days after the entry of this erroneous judgment, appellants did not file a notice of appeal. Then, on December 16, 1986, the trial court entered yet another order in the confirmation proceedings, this time purporting to make additional findings of facts as to the existence of its personal jurisdiction over appellants for the entry of a deficiency judgment against them. It is from this December 16, 1986 order that appellants bring this appeal.

The December 1986 order from which appellants appeal purports to amend the final deficiency "judgment" that had been entered in August of 1986 during a previous term of court. " 'After the expiration of the term at which a decree was entered, it is out of the power of the court to modify and revise it in any matter of substance or in any matter affecting the merits. A decree, during the term at which it was rendered, is said to be in the breast of the judge; after it is over, it is upon the roll.' [Cit.]" *City of Cornelia v. Gunter*, 227 Ga. 464 (181 SE2d 489) (1971). "It follows that the trial court had no jurisdiction of this case at the subsequent term of court after its final judgment had been entered. Its order on that date was void." *Redmond v. Walters*, 228 Ga. 417 (2) (186 SE2d 93) (1971). Accordingly, the void order of December 16, 1986 must be reversed.

However, appellants' filing of a timely notice of appeal from the trial court's void order of December 1986 is not sufficient to confer jurisdiction upon this court so as to reverse the trial court's erroneous order of August 25, 1986. The subsequent entry by the trial court of an amendment to one of its previously entered and otherwise final judgments is not included among those rulings which will serve to recommence the statutorily mandated 30-day period within which a notice of appeal from the final judgment must be filed. See OCGA § 5-6-38. Appellants did not file a notice of appeal within 30 days after the entry of the erroneous August 1986 "judgment" as required by OCGA § 5-6-38 (a). "The fact that [appellants claim] to have had no notice of the entry of judgment until after 30 days [in which to file a notice of appeal] had run [did] not extend the time for filing a notice of appeal." *Atlantic-Canadian Corp. v. Hammer, Siler, George Assoc., Inc.*, 167 Ga. App. 257 (306 SE2d 22) (1983). If appellants received no notice of the August 1986 "judgment," they should file a motion to set aside the judgment pursuant to OCGA § 9-11-60 (d). "[W]here no notice is sent by the trial court or by the clerk to the losing party, . . . an action may be brought under [OCGA § 9-11-60 (d)] to set aside the earlier judgment; and upon a finding that notice was not provided as required by [OCGA § 15-6-21 (c)], the motion to set aside may be granted, the judgment re-entered, and the thirty-day period within which the losing party must appeal will begin to run

from the date of the re-entry." *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980).

Since appellants' only notice of appeal was filed within 30 days after entry of the order of December 1986, this court has jurisdiction in this appeal only to reverse that order.

*Judgment reversed. Banke, P. J., and Benham, J., concur.*

DECIDED JANUARY 6, 1988.

*Frank G. Smith*, for appellants.
*T. Peter O'Callaghan, Jr.*, for appellee.