A90A2197. INTERTRUST CORPORATION v. FISCHER IMAGING CORPORATION et al.
(403 SE2d 94)

BIRDSONG, Presiding Judge.

Intertrust Corporation ("Intertrust") appeals from the judgment of the trial court in favor of Fischer Imaging Corporation ("Fischer") on the priority of a financing statement. Intertrust contends that Fischer did not properly perfect its purchase money security interest in certain equipment Fischer sold because Fischer filed its UCC-1 statement on March 23, 1989, in Fulton County, and Intertrust contends the financing statement should have been filed in DeKalb County where the purchaser's principal place of business was located on the date of filing. *Held*:

1. The first consideration is whether we have jurisdiction in this appeal. Court of Appeals Rule 32 (d); *Atlantic-Canadian Corp. v. Hammer, Siler &c. Assoc.*, 167 Ga. App. 257 (306 SE2d 22). The record shows that after judgment was first entered, Intertrust filed a motion to set aside that judgment because its counsel did not learn that the judgment had been filed until after the time for filing a notice of appeal had expired. After the parties consented to have the earlier judgment set aside and re-entered, the trial court granted Intertrust's motion and set aside and re-entered the earlier judgment. Thereafter, Intertrust filed a timely notice of appeal.

The issue, however, is not whether Intertrust's counsel had actual knowledge that judgment was entered, but whether there was compliance with OCGA § 15-6-21 (c). *Robinson v. Kemp Motor Sales*, 185 Ga. App. 492, 493 (364 SE2d 623); *Atlantic-Canadian Corp. v. Hammer &c. Assoc.*, supra.

*Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (269 SE2d 426) requires a finding that notice pursuant to OCGA § 15-6-21 (c) was not provided. In this appeal, although there was no specific finding that notice to Intertrust's counsel was not made, such a finding is inherent in the trial court's action and "in the absence of a contrary showing, the trial court will be presumed to have followed the law. [Cits.]" *Jones v. Cropps*, 197 Ga. App. 313, 315 (398 SE2d 295). Accordingly, we have jurisdiction.

2. Intertrust contends the trial court erred by finding as a matter of fact that at the time Fischer filed its UCC-1 financing statement the purchaser's primary place of business was in Fulton County rather than DeKalb County and, consequently erred in concluding that Fischer properly perfected its purchase money security interest. See *United States of Amer. v. Waterford No. 2 Office Center*, 154 Ga. App. 9, 12 (267 SE2d 264). Intertrust asserts that there is no evidence supporting the trial court's determination that Fischer's financing statement was properly filed in Fulton County; such determination being predicated on a finding because purchaser "was not actively operating as a business in DeKalb County at the time of Fischer's filing."

The record shows that Intertrust had a perfected security interest in the purchaser's assets, including after-acquired property, and neither party contests the legal sufficiency of the contents of the other's financing statements. Thus the question centers on whether Fischer properly perfected its purchase money security interest in the property so that its interest had priority over that of Intertrust. Accordingly, the issue is whether Fischer properly filed its financing statement in the county where the purchaser's primary place of business was located. See OCGA § 11-9-401 (1) (b); *In the Matter of Carmichael Enterprises*, 334 FSupp. 94 (ND Ga. 1971), aff'd 460 F2d 1405 (5th Cir. 1972).

Intertrust contends the purchaser's primary place of business was in DeKalb County where Intertrust alleges the purchaser was actually operating its business. Fischer contends, however, it properly filed its financing statement in Fulton County because the purchaser had not started conducting business and the purchaser's corporate documents on file with the Secretary of State's office showed its principal office and its registered agent were in Fulton County.

The guiding principles are that findings of fact by the trial court will not be set aside unless they are clearly erroneous (OCGA § 9-11-

51 (a)) and the trial court's findings of fact are as binding on the parties as a jury verdict. *Sunn v. Mercury Marine*, 166 Ga. App. 567, 568 (305 SE2d 6). As the "clearly erroneous test" is the same as the "any evidence test," an appellate court will not disturb the trial court's findings of fact if there is any evidence to support them. *Kimbrell v. Effingham Bd. of Tax Assessors*, 191 Ga. App. 544, 546 (382 SE2d 388).

After careful review of the record, we must conclude that there is no evidence supporting the trial court's finding that the purchaser was not actively operating a business on the date of filing. On the contrary, all the evidence, e.g., putting up a sign, installing equipment, hiring and training employees, seeing patients, etc. shows that the purchaser was operating its business in DeKalb County and nowhere else. Further, the evidence shows that Fischer delivered the equipment to the address in DeKalb County and that Fischer's records showed that address. The testimony from the purchaser's agent that the purchaser had not yet started to charge patients at the DeKalb County office for their treatment is not controlling; likewise not controlling is the fact that the Secretary of State's records show the Fulton County address. *In the Matter of Carmichael Enterprises*, supra at 99. Consequently, the trial court's findings of fact are clearly erroneous, and the judgment must be reversed.

*Judgment reversed. Banke, P. J., and Cooper, J., concur.*

DECIDED MARCH 4, 1991.

*Cofer & Beauchamp, Charles V. Choyce, Jr., Teri A. Simmons,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Francis A. Landgraff III, David G. Ross,* for appellees.

