## A94A0354. MORGAN v. STARKS.
(447 SE2d 651)

POPE, Chief Judge.

This personal injury case was dismissed without prejudice when neither party appeared for a peremptory calendar call. See Uniform Superior Court Rule 20 (A). The court failed to notify the parties of the dismissal, however, and neither party discovered it. Approximately nine months later, the parties learned the case had been dismissed.[1] Citing *Cambron v. Canal Ins. Co.*, 246 Ga. 147 (1) (269 SE2d

---

[1] In her brief, plaintiff asserts that (1) her counsel did not know of the peremptory calendar call because she had changed attorneys without notifying the court and (2) the parties

426) (1980), plaintiff then moved the court to set aside the judgment and reenter a new order dismissing the case, thereby enabling plaintiff to refile her action within six months. See OCGA § 9-11-41. The trial court granted this motion, and defendant appealed.

In *Cambron*, the Supreme Court held that where the losing party is not informed of the entry of an appealable order until after the time for appeal has run, a motion to set aside the judgment based on a clerical error under OCGA § 9-11-60 (g) should be granted and the order should be reissued to allow a timely appeal. 246 Ga. at 147-149 (1). Defendant points out that the order entered in *Cambron* was the denial of a motion for new trial and the Court in that case relied in part on the trial court's obligation to notify the losing party of its decisions under OCGA § 15-6-21 (c). Since OCGA § 15-6-21 (c) appears to cover only a trial court's decisions on motions, and the trial court's order dismissing this case for failure to prosecute was not made in response to a motion, defendant argues that the trial court erred in utilizing the procedure set forth in *Cambron* here. We disagree. While the language of OCGA § 15-6-21 (c) appears to apply only to decisions on motions, the logic of mandating notice to allow the losing party to take appropriate action applies with even stronger force to final judgments, including dismissals for failure to prosecute; and we have in fact indicated that the notice requirement and the reasoning of *Cambron* apply to final judgments as well as decisions on motions. See *Intertrust Corp. v. Fischer Imaging Corp.*, 198 Ga. App. 812 (1) (403 SE2d 94) (1991); *Atlantic-Canadian Corp. v. Hammer &c. Assoc.*, 167 Ga. App. 257 (1) (306 SE2d 22) (1983); *Jefferson-Pilot Fire &c. Co. v. Combs*, 166 Ga. App. 274 (304 SE2d 448) (1983). Accordingly, we approve the trial court's utilization of the *Cambron* procedure to allow the merits to be reached in this case.

The dissent suggests plaintiff should be unable to rely on *Cambron* because she was at "fault" to some degree in failing to appear at the peremptory calendar call, thereby causing the dismissal.[2] However, all dismissals for failure to prosecute are to some degree the plaintiff's "fault"; yet the legislature has mandated that cases dismissed on this ground be renewable. It was not the dismissal (which was plaintiff's "fault") which prevented adjudication on the merits, but rather the court's failure to notify the parties of the dismissal

---

continued negotiating after the case was dismissed and discovered the dismissal only when they acknowledged that a settlement was not possible and asked for a pre-trial conference. Contrary to plaintiff's contention, however, assertions in briefs are not evidence which this court can consider. Fortunately, this information is not necessary to our decision.

[2] The dissent also suggests plaintiff was at "fault" in failing to discover the dismissal on her own despite the lack of notice. As this type of "fault" is present in any case where a party has lost its right to pursue the merits of an action due to lack of notice of a court's decision, it does not distinguish this situation from that in *Cambron*.

(which was not). We do not consider notification of parties when a case is dismissed to be either a novel notion or an undue burden on the court; and where a court fails to notify parties of a dismissal and a plaintiff is unable to pursue its action on the merits as a result, the court does not abuse its discretion by vacating the dismissal and reentering a new one.

Defendant also contends the trial court was without jurisdiction to set aside the judgment of dismissal because the motion to set aside was brought after the expiration of the term in which it was entered. See *Goode v. O'Neal, Banks &c.*, 165 Ga. App. 162 (300 SE2d 191) (1983). However, *Goode* holds only that the court's inherent power to set aside a judgment for any "meritorious reason" is limited to motions to set aside filed in the same term. See 165 Ga. App. at 162. Motions to set aside for the reasons set forth in OCGA § 9-11-60 may be granted as long as the motion is brought "within three years from entry of the judgment complained of," OCGA § 9-11-60 (f), and plaintiff's motion in this case was brought well within that three-year period.

*Judgment affirmed. McMurray, P. J., Birdsong, P. J., Beasley, P. J., Johnson, Blackburn, JJ., and Senior Appellate Judge Harold R. Banke concur. Andrews and Smith, JJ., dissent.*

SMITH, Judge, dissenting.

I respectfully dissent. I agree in theory with the majority that the reasoning of *Cambron v. Canal Ins. Co.*, 246 Ga. 147 (269 SE2d 426) (1980) may apply to final judgments in an appropriate case. However, the holding of *Cambron* is one born of necessity. At the risk of overstatement, in its broadest sense *Cambron* remedies a situation where the losing party was not to blame for the failure to timely take steps to remedy an adverse judgment. See, e.g., *Tucker Station, Ltd. v. Chalet I*, 203 Ga. App. 383, 384 (1) (417 SE2d 40) (1992). So long as there is a supportable finding that the losing party was not at fault in failing to timely pursue the right of review or other remedy available to her, I would find no abuse of discretion in applying the *Cambron* procedure. However, no such finding can be supported in the present case.

First, the majority ignores the fact that plaintiff herself caused the dismissal by failing to appear at a peremptory calendar call. Second, even if I were willing to concede that plaintiff's failure to appear was the result of excusable neglect, the failure to timely discover and endeavor to correct that omission for *nine months* remains. Third, the majority relies on the establishment of a novel notice requirement which serves no valid purpose. This plaintiff knew, or should have known, that she missed the calendar call; she knew, or should have known, the potential consequences of her failure to appear. Under the

circumstances there is simply no excuse for Starks's failure to apprise herself of the status of her case during the course of the succeeding six to nine months, and no conceivable basis on which to make a presumption to the contrary. Compare *Wright v. Archer*, 210 Ga. App. 607, 608 (1) (436 SE2d 775) (1993). Finally, while it is not proper to address the question of whether Starks is the victim of attorney neglect, I suggest that if such neglect exists, the procedure outlined in *Cambron* is not the proper method to address it.

As a matter of law, Starks (or her present or former counsel) is *at least* partially to blame for her failure to appear at calendar call and for thereafter losing her right to refile her cause of action. The trial court's application of *Cambron* to these facts was therefore an abuse of discretion.

I am authorized to state that Judge Andrews joins in this dissent.

DECIDED JULY 13, 1994 —
RECONSIDERATION DENIED JULY 29, 1994.

*Beck, Owen & Murray, William M. Dallas III*, for appellant.
*Shepherd & Brown, Timothy N. Shepherd, Lane, O'Brien, Caswell & Taylor, Stephen J. Caswell, Cramer & Peavy, Timothy C. Cramer*, for appellee.

