A94A2318. ANIMASHAUN v. THE STATE.
(453 SE2d 126)

BIRDSONG, Presiding Judge.

Olefumi Animashaun appeals his conviction for driving under the influence of alcohol to the extent that he was a less safe driver (OCGA § 40-6-391 (a) (1)) and speeding (OCGA § 40-6-181). The record shows appellant's convictions were entered on October 12, 1993, and on October 21, 1993, he filed a motion for new trial asserting the general grounds. That motion was denied on October 25, 1993. Subsequently, appellant filed a motion for reconsideration and new trial on November 8, 1993, that asserted that the trial court's order denying his motion for new trial "was entered absent an opportunity for movant to amend his motion upon receipt of the transcript" and requesting that he be allowed to amend his motion. Thereafter, even though appellant had not requested that the decision on his motion for new trial be delayed pending preparation of the transcript (see OCGA § 5-5-40 (c)), the trial court on November 17, 1993, entered an order setting aside the order denying appellant's motion for new trial, and setting December 1, 1993, for a show cause hearing on the mo-

tion. The record contains no amended motion for new trial or any other pleadings by appellant seeking to amend the grounds asserted in his original motion for new trial. On February 2, 1994, the trial court issued an order stating, "the defendant's motion for a new trial and reconsideration having been filed on November 17, 1993, and not having been perfected, same is hereby denied." On February 23, 1994, appellant filed a notice of appeal from that order. Subsequently, appellant's appeal was dismissed because he did not file a transcript of the proceedings, and on June 13, 1994, appellant moved to reinstate his notice of appeal. This motion was granted on June 22, 1994. The record, however, shows that although the certificate of the court reporter is dated January 12, 1994, the transcript was not filed until July 12, 1994. The appeal was docketed in this court on July 18, 1994.

The sole error enumerated is that the trial court erred by charging the jury on the presumption arising from a blood-alcohol test result of .08 when appellant was charged only with violating OCGA § 40-6-391 (a) (1), driving under the influence of alcohol to the extent that he was a less safe driver. *Held*:

1. Our first consideration is whether we have jurisdiction over this appeal. Court of Appeals Rule 32 (d) (now Rule 41 (c)); *Atlantic-Canadian Corp. v. Hammer, Siler &c. Assoc.*, 167 Ga. App. 257 (306 SE2d 22). Although the case became ripe for appeal when the trial court denied the motion for new trial (see OCGA § 5-6-38), this appeal is timely because the trial court vacated its order denying the motion for new trial. See *Austin v. Carter*, 248 Ga. 775, 777 (285 SE2d 542). Nevertheless, a defendant should not delay unnecessarily the trial court's disposition of the case by the filing of motions to reconsider. See *Holiday v. State*, 258 Ga. 393, 394 (369 SE2d 241). Here, because of appellant's inaction and the procedures used by the trial court, this appeal in a routine traffic case was not docketed in this court until eight months after the date of his convictions.

2. The State's argument that appellant waived his right to reserve his objections to the charge by asserting other specific objections to the charge is without merit. See *McCoy v. State*, 262 Ga. 699, 701 (425 SE2d 646). *Williams v. State*, 262 Ga. 422, 423 (420 SE2d 301) is distinguishable because the appellant in *Williams* neither objected to the charge nor reserved his right to assert his objections.

3. Appellant's argument that the charge given impermissibly shifted the burden of proof cannot be considered because this contention was not enumerated as error, and enumerations cannot be enlarged to include issues not enumerated. *Williams v. State*, 208 Ga. App. 153, 155 (430 SE2d 42); *Harmon v. State*, 206 Ga. App. 333, 334 (425 SE2d 343); *Rigenstrup v. State*, 197 Ga. App. 176, 179 (398 SE2d 25).

Appellant's other argument, that the trial court erred by charging the provisions of OCGA § 40-6-392 (b) (3), is without merit. First, the trial court did not charge the jury on the exact language of this Code section. Instead, the charge given was that "if there was at that time an alcohol concentration of 0.08 grams or more, *you may infer* that the person was under the influence of alcohol as prohibited by paragraphs one, two, and three of subsection A of [OCGA § 40-6-391]." (Emphasis supplied.) The emphasized words are different from specific terms of OCGA § 40-6-392 (b) (3) in that these words replace "it shall be presumed" which have been found to be prejudicially burden shifting. See *Simon v. State*, 182 Ga. App. 210 (355 SE2d 120); *Peters v. State*, 175 Ga. App. 463 (333 SE2d 436). Compare *King v. State*, 200 Ga. App. 511 (408 SE2d 509). Therefore, the trial court did not err by giving this charge since it concerned a matter that the jury was required to decide. *Lattarulo v. State*, 261 Ga. 124, 125 (401 SE2d 516).

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED JANUARY 19, 1995.

*Emerson Carey, Jr.*, for appellant.
*Louise Hornsby, Solicitor, J. Stratton Leedy III, Thomas L. Burton, Assistant Solicitors*, for appellee.

