## S00A1349. VEASLEY v. THE STATE.
### (537 SE2d 42)

CARLEY, Justice.

A jury found Jeremy Thurmond Veasley guilty of malice murder, two counts of aggravated assault, and one count of possession of

cocaine, and the trial court entered judgments of conviction on these verdicts. The trial court sentenced Veasley to life imprisonment on the murder charge, to a concurrent ten-year term for the cocaine possession offense, and to two 20-year terms for the aggravated assaults, which are concurrent with each other, but consecutive to the life sentence. The trial court entered an order denying Veasley's motion for new trial on May 11, 1999 and, in identical language, entered a second order on February 28, 2000 purporting to deny the same motion for new trial. On March 22, 2000, Veasley filed a notice of appeal from the judgments of conviction and sentences.

" 'It is the duty of this court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction. (Cits.)' [Cit.]" *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995). If a motion for new trial is filed, the case becomes ripe for appeal when the trial court first denies that motion. *Holiday v. State*, 258 Ga. 393, 394 (2) (369 SE2d 241) (1988). In such a case, OCGA § 5-6-38 (a) requires that a notice of appeal be filed within 30 days after the entry of the order finally disposing of the motion for new trial. *Rowland v. State*, supra. " 'The proper and timely filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court. (Cit.)' [Cit.]" (Emphasis in original.) *Rowland v. State*, supra.

Veasley did not file a notice of appeal within 30 days of the May 1999 order disposing of his motion for new trial, apparently because that order was not served on him pursuant to OCGA § 15-6-21 (c). However, the absence of this mandatory notice cannot itself extend the time for filing a notice of appeal. *Robinson v. Kemp Motor Sales*, 185 Ga. App. 492, 493 (364 SE2d 623) (1988); *Barthell v. State*, 174 Ga. App. 459 (330 SE2d 180) (1985). When notice of the entry of an appealable order is not given, the losing party should file a motion to set aside, and the trial court should grant the motion and re-enter the judgment, whereupon the 30-day appeal period would begin to run again. *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980). Indeed, whatever the reason, if the trial court lawfully vacates, sets aside, or enters a stay of its order denying a new trial, the time for filing the notice of appeal is extended. *Austin v. Carter*, 248 Ga. 775, 777 (1) (285 SE2d 542) (1982); *Animashaun v. State*, 216 Ga. App. 104, 105 (1) (453 SE2d 126) (1995). If, after vacating the original order, the trial court subsequently re-enters the order denying a new trial, then the 30-day period for filing a notice of appeal begins to run from the date of the re-entry. *Cambron v. Canal Ins. Co.*, supra at 148-149 (1). Conversely, where the trial court does not vacate, set aside, or stay the order denying a new trial, the time for appeal continues to run. Once the time has run, the case is no longer pending in the trial court. See *Holiday v. State*, supra at 394

(2). And any notice of appeal filed thereafter will be untimely, even if the trial court has re-entered its judgment. *W.T.A. Assoc. v. Beamon*, 141 Ga. App. 25, 27 (2) (232 SE2d 373) (1977).

Nothing in the record indicates that the trial court vacated, set aside, or entered a stay of its May 1999 order denying the motion for new trial or that it granted an out-of-time appeal. Veasley did not file a notice of appeal until after the trial court entered the February 2000 order purporting to deny the motion for new trial. Because the time for appeal had expired prior to entry of that order, we must dismiss this appeal.

The parties have filed a joint motion to proceed with this appeal, on the grounds that neither party objects to this Court's exercise of jurisdiction and that the trial court intended the February 2000 order to be nunc pro tunc. Initially, we note that the order does not include the phrase "nunc pro tunc" or any other language purporting to give effect to some judicial action as of some earlier date. See *Sheehan v. Sheehan*, 244 Ga. 367, 368 (260 SE2d 77) (1979). In any event, "[a] nunc pro tunc entry does not extend the statutory period for filing a notice of appeal. [Cit.]" *Bowen v. Clayton County Hosp. Auth.*, 160 Ga. App. 809, 810 (288 SE2d 232) (1982). See also *Sheehan v. Sheehan*, supra. More importantly, however, "parties *cannot* confer jurisdiction by consent. . . ." (Emphasis supplied.) *Scroggins v. Edmondson*, 250 Ga. 430 (1) (297 SE2d 469) (1982). See also OCGA § 15-1-2. Thus, dismissal is mandated in spite of the fact that the State purportedly consents to our consideration of this untimely appeal. *Clark v. State*, 182 Ga. App. 752, 753 (1) (357 SE2d 109) (1987). See also *Newton v. K.B. Property Mgmt. of Ga.*, 166 Ga. App. 901, 902 (306 SE2d 5) (1983).

If Veasley actually received notice of the May 1999 order denying his motion for new trial and delayed taking action, he has forfeited his right to appeal. If, however, he did not receive timely notice under OCGA § 15-6-21 (c), he can either request an out-of-time appeal or move to set aside the orders denying his motion for new trial. In the latter case, the trial court should both set aside those orders and enter a new order denying the motion for new trial. Accordingly, we remand this case to the trial court so that Veasley may file a motion to set aside pursuant to *Cambron v. Canal Ins. Co.*, supra at 148-149 (1), or move for an out-of-time appeal. *Shouse v. State*, 189 Ga. App. 531, 532 (376 SE2d 911) (1988).

*Appeal dismissed and case remanded. All the Justices concur, except Benham, C. J., and Fletcher, P. J., who dissent.*

FLETCHER, Presiding Justice, dissenting.

Because neither clerical negligence nor a trial court's unintentional mistake should defeat the right of appeal when liberty inter-

ests are at stake, I respectfully dissent. The circumstances of this case mandate the grant of a motion for out-of-time appeal. Therefore, for the sake of judicial economy and justice, I would address the merits of the appeal as both parties request.

I commend the trial court for its attempt to remedy the situation that led to the deprivation of the right of appeal.

I am authorized to state that Chief Justice Benham joins in this dissent.

DECIDED OCTOBER 2, 2000.

*Sandra L. Michaels*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Robert M. Coker, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Adam M. Hames, Assistant Attorney General*, for appellee.