A03A0483. RELIABLE BONDING COMPANY, INC. v. STATE OF GEORGIA.
(585 SE2d 192)

SMITH, Chief Judge.

Reliable Bonding Company, Inc. appeals from the denial of its motion to set aside a judgment of forfeiture absolute on the ground that the trial court failed to provide notice of the adverse judgment. Because the trial court complied with the procedures required by OCGA § 17-6-71, we affirm.

The facts of this case are undisputed. Reliable posted a $2,500 appearance bond for Toni Ann Goodman in Rockdale County Superior Court. After Goodman failed to attend a calendar call, the trial court issued a notice of hearing and rule nisi on May 11, 2001, ordering Goodman and Reliable to appear before the court on September 10, 2001, "[t]o show cause why final judgment should not be entered upon the forfeited bond and execution issued." It is undisputed that this notice was mailed to both Goodman and Reliable. Neither party appeared for the hearing, however, and on September 26, 2001, the trial court entered a judgment absolute in favor of the State of Georgia in the principal sum of $2,500, plus $100 court costs. On March 4, 2002, Reliable moved to set aside the judgment. Reliable appeared to acknowledge that it had received the notice of hearing. It showed, however, that it did not receive notice of the judgment until February 6, 2002, from the sheriff's department and argued that the trial court had "an affirmative obligation" to provide it with "actual notice of any adverse judgment." According to Reliable, because no such notice was provided by the trial court, it was entitled to have the judgment set aside and reentered under *Morgan v. Starks*, 214 Ga. App. 265 (447 SE2d 651) (1994). Noting that OCGA § 17-6-71 requires service of notice of the execution hearing, the trial court denied the motion on the ground that no such notice requirement exists with respect to the entry of the judgment absolute. Reliable appeals from this ruling.

The forfeiture and final judgment were entered under the procedure prescribed by OCGA §§ 17-6-70 and 17-6-71. Under OCGA § 17-6-70 (a), a defendant's bond is forfeited "at the end of the court day upon the failure of appearance of a principal of any bond or recognizance given for the appearance of that person." OCGA § 17-6-71 (a) sets forth the procedure to be followed upon the failure of a principal to appear. That subsection directs the trial court, at the end of that court day, to "forfeit the bond" and to "order an execution hearing not sooner than 120 days but not later than 150 days after such failure to appear." Id. The trial court is also required to give notice of the execution hearing to the surety within ten days of the failure to appear. Id. Then, under OCGA § 17-6-71 (b), if the judge determines at the execution hearing that judgment should be entered, "the judge shall so order and a writ of fieri facias shall be filed in the office of the clerk of the court where such judgment is entered." Unlike OCGA § 17-6-71 (a), which requires that a notice of the hearing be sent to the surety, OCGA § 17-6-71 (b) does *not* expressly require that a notice of judgment be sent to the surety.

The trial judge followed the procedures outlined by these statutes to the letter. But even though OCGA § 17-6-71 (b) does not require that a notice of judgment absolute be sent to the parties, Reliable argues that it was entitled to such a notice under the

broader language of OCGA § 15-6-21 (c), which provides in part that "it shall be the duty of the judge to file his or her decision with the clerk of the court . . . and to notify the attorney or attorneys of the losing party of his or her decision." In *Morgan v. Starks*, supra, this court concluded that the language of OCGA § 15-6-21 (c), requiring notice to the parties of rulings on motions, also requires service of notice of final judgments. Id. at 266.

We find this case to be distinguished from *Morgan*. In *Morgan*, neither party appeared at a peremptory calendar call, and the personal injury case was dismissed without prejudice. The parties did not learn of the dismissal until nine months later, after the time for filing a renewal action had expired. Id. at 265-266. The trial court granted the plaintiff's motion to set aside the judgment of dismissal, and this court affirmed on the ground that OCGA § 15-6-21 (c) obligates the trial court to notify parties of the entry of final judgments. Id. at 266.

Here, however, the court appearance at issue was not simply a peremptory calendar call concerning the scheduling of cases under Uniform Superior Court Rule 20. Instead, the notice sent to the parties specifically ordered the principal and the surety to appear on a certain date "[t]o show cause why final judgment should not be entered upon the forfeited bond and execution issued." This very specific language gave Reliable clear warning that failure to appear and contest the possible entry of judgment would result in entry of judgment against it. No such warning was involved in *Morgan*.

But even assuming that the notice requirement of OCGA § 15-6-21 (c) applies to service of entry of the judgment absolute, we find no basis for reversal in this case. It is true that a surety must have knowledge of the entry of judgment in order to protect its own interests. Under OCGA § 17-6-72 (d) (1), if the surety pays off the bond amount within 120 days of the judgment and if, among other things, the surety produces the defendant, the surety may apply for a 95 percent remission of the bond amount. Alternatively, under subsection (d) (3), if the surety surrenders the defendant within 120 days of the judgment, the surety will be required to pay only five percent of the face amount of the bond, plus costs. The 120-day period following entry of the judgment is therefore a critical period for the surety, if it is to recover or avoid paying a portion of the bond.

Reliable did not receive notice of the judgment. But it *did* receive notice of the execution hearing and a warning of the impending judgment. It chose not to appear. In order to calculate the 120-day period within which it must surrender the defendant or pay the bond, the surety must know the date of entry of judgment. We agree with the State, however, that "since the surety company gets notice of the Rule Nisi hearing, it is on notice that judgment will be entered that

day or soon thereafter. It could wait up to almost 120 days after that hearing" before initially contacting the clerk's office to determine whether a judgment was entered. Then, as pointed out by the State, if the 120-day deadline is approaching, the surety could pay the judgment and try to produce the defendant within the extended period of time permitted for remission of the bond payment. Here, Reliable chose to ignore the notice of hearing issued by the court, and despite its knowledge of the hearing, it did nothing to determine whether a judgment was entered following the hearing. It ignored its own responsibility to attend the hearing and show why judgment should not be entered. Reliable failed to exercise any diligence whatsoever, and any harm it suffered was self-imposed. "Harm resulting from a surety's own lack of diligence provides no basis for setting aside a rule absolute and final judgment. [Cit.]" *U. S. Bonds v. State of Ga.*, 224 Ga. App. 758, 760 (481 SE2d 887) (1997) (physical precedent only).

*Judgment affirmed. Ruffin, P. J., and Miller, J., concur.*

DECIDED JULY 10, 2003.

*John L. Strauss*, for appellant.
*Maddox, Nix, Bowman & Zoeckler, John A. Nix*, for appellee.