A04A0802. WOODS v. SAVANNAH RESTAURANT CORPORATION.
(599 SE2d 338)

ELDRIDGE, Judge.

This matter arises out of litigation over a real estate transaction in Effingham County. The case was tried by a jury, and a verdict and judgment were entered in favor of plaintiff/appellee Savannah Restaurant Corporation. Defendant/appellant Herman C. Woods moved to set aside the judgment pursuant to OCGA § 9-11-60 (g). Woods appeals from the denial of his motion to set aside judgment. In his sole enumeration of error, Woods contends that the trial court erred in denying his request to set aside and reissue the final judgment because the trial court failed to provide him with notice of the entry of the judgment as required by OCGA § 15-6-21 (c). Finding no error, we affirm.

OCGA § 15-6-21 (c) provides that it is the duty of the trial judge to notify counsel of an adverse decision on a motion, unless notice is waived under OCGA § 9-11-5 for failure to file pleadings. This Court has concluded that the language of OCGA § 15-6-21 (c) "also requires service of notice of final judgments. [Cit.]" *Reliable Bonding Co. v. State of Ga.*, 262 Ga. App. 280, 282 (585 SE2d 192) (2003); *Morgan v. Starks*, 214 Ga. App. 265, 266 (447 SE2d 651) (1994). "If a trial court fails to send notice to the losing party, that party can file a motion to set aside the earlier order or judgment. *Brown v. E.I. du Pont de Nemours & Co.*, 240 Ga. App. 893, 896 (4) (525 SE2d 731) (1999)." *Sea*

*Tow/Sea Spill of Savannah v. Phillips*, 247 Ga. App. 613, 614 (2) (545 SE2d 34) (2001). "Upon a finding that the losing party did not receive notice, the trial court should grant the motion to set aside, reenter the [final judgment], and give the losing party 30 days to file a notice of appeal. [Cits.]" Id. See also *Cambron v. Canal Ins. Co.*, 246 Ga. 147 (269 SE2d 426) (1980).

This case was tried before a jury on May 18 and 19, 2000. The jury returned a verdict in favor of Savannah Restaurant Corporation on May 19, 2000. Judgment was not entered by the trial court on the jury's verdict until June 12, 2003, more than three years later. At the time the final judgment was signed by the trial court, Woods was no longer represented by counsel. However, Woods' last counsel's notice of withdrawal set out an address at which Woods could be served with any legal notices.

In opposition to the motion to set aside judgment, counsel for Savannah Restaurant Corporation averred that he was present on June 12, 2003, when the trial court signed the final judgment and decree, and that at the trial judge's direction, he filed the final judgment with the clerk of the court and mailed a stamped filed copy of the final judgment to Woods. Woods does not dispute that he timely received the copy of the final judgment prior to the running of the 30 days in which he had to file a notice of appeal. In fact, on July 8, 2003, Woods sent a lengthy, scathing letter to the trial judge expressing his displeasure over the terms of the final judgment and, in the final paragraph, stated that he wanted "an immediate hearing . . . regarding an appeal or new trial." The trial judge responded to such letter advising Woods to "obtain legal counsel in order for your concerns to be addressed through proper statutory procedure."

The question before us on appeal "is not whether [Woods] had actual knowledge that judgment was entered, but whether the trial court complied with OCGA § 15-6-21 (c). [Cit.]" *Downs v. C.D.C. Fed. Credit Union*, 224 Ga. App. 869, 870 (2) (481 SE2d 903) (1997). In order to ensure that the notice requirement imposed on the trial court by OCGA § 15-6-21 (c) is complied with, the better practice would be for the trial judge's office to personally mail notice of an adverse decision to counsel or a party acting pro se. However under the facts of this case, counsel was acting on the trial judge's behalf when, in response to the trial court's directions, he mailed a copy of the final judgment to Woods. Thus, the mandate of the statute was followed, and there was no error in the trial court's refusal to set aside the judgment.

Woods argues that such a finding by this Court requires remand of this case to the trial court with direction for the trial court to make a specific finding as to whether the statute's notice terms were met. We disagree. In its order denying Woods' motion to set aside the

judgment, the trial court found that it was required to make such a finding. While the order does not specifically state that the duty imposed on the trial court under OCGA § 15-6-21 (c) was met, the trial court set out the facts under which it found the motion to set aside should be denied. As such, it is inherent in the trial court's order denying Woods' motion to set aside the final judgment that the trial court found that the requirement for notice under the statute had been complied with. See *Intertrust Corp. v. Fischer Imaging Corp.*, 198 Ga. App. 812, 813 (1) (403 SE2d 94) (1991).

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED MAY 12, 2004 — 

*Kicklighter & Persse, Claude M. Kicklighter, Jr.*, for appellant.
*Weiner, Shearouse, Weitz, Greenberg & Shawe, N. Harvey Weitz, McCorkle, Pedigo & Johnson, David H. Johnson*, for appellee.