# Court of Appeals
# of the State of Georgia

ATLANTA,   April 10, 2013    

*The Court of Appeals hereby passes the following order:*

**A13A1288. DANTAVIOUS VAUGHN v. THE STATE.**

Dantavious Vaughn was convicted of child molestation in June of 2007. Vaughn filed a timely motion for new trial, which he amended in 2009. The court held a hearing on the motions on June 10, 2011, and entered an order denying them on June 14, 2011. No additional motions were filed and no second hearing was held. The trial court entered a second order denying the motion for new trial on April 12, 2012, without vacating or setting aside its initial order denying the motion for new trial. Vaughn filed a notice of appeal on April 19, 2012, seeking review of the denial of his motion for new trial. We lack jurisdiction.

To be timely, a notice of appeal must be filed within 30 days of entry of the order on appeal. See OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. See *Couch v. United Paperworkers Intl. Union*, 224 Ga. App. 721 (482 SE2d 704) (1997). Although a trial court may vacate and re-enter an order, it must do so for a permissible reason. See, e. g., *Veasley v. State*, 272 Ga. 837, 838 (537 SE2d 42) (2000). For example, if a party is not properly notified of a judge's ruling, the trial court may vacate and re-enter its order. See *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980). "Conversely, where the trial court does not vacate, set aside, or stay the order denying a new trial, the time for appeal continues to run. Once the time has run, the case is no longer pending in the trial court. And any notice of appeal filed thereafter will be untimely, even if the trial court has re-entered its judgment." *Veasley*, supra.

Since the trial court in the instant case did not vacate, set aside, or stay the June

14, 2011, order, denying Vaughn's motion for new trial, the time for appeal began to run. Because Vaughn did not file a timely notice of appeal from that order, we lack jurisdiction to consider his appeal, which is hereby DISMISSED as untimely.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* 04/10/2013
    *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*

_____ *, Clerk.*