# Court of Appeals
# of the State of Georgia

ATLANTA,___May 17, 2013_____

*The Court of Appeals hereby passes the following order:*

## A13A0555.  ST. JOHNS FIVE LLC v. TD BANK N.A.

In this direct appeal, the appellant seeks to challenge the trial court's confirmation of a sale under power. "It is the duty of this court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction."[1] For reasons explained below, we dismiss this case for lack of a timely notice of appeal conferring jurisdiction upon this Court.

OCGA § 5-6-38 (a) provides, in pertinent part, "A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of." "The proper and timely filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court."[2]

The record in this case shows the following.  On June 11, 2012, the trial court entered an order confirming the sale at issue. Within the thirty days that followed that appealable decision, no notice of appeal was filed. On September 20, 2012, however, the trial court filed an order stating that it "hereby VACATES its Order entered June 11, 2012, and enters the following in lieu thereof."[3] The order so entered on

---

[1] *Veasley v. State*, 272 Ga. 837, 838 (537 SE2d 42) (2000) (citation and punctuation omitted).

[2] Id. (citation and punctuation omitted; emphasis in original).

[3] This is the *only* document, amongst the thirty-seven documents transmitted to this Court to comprise the initial appellate record, that contains no stamp of the trial court's clerk so as to denote the date the document was filed with the clerk's office. But pursuant to OCGA § 5-6-48 (d), this Court exercised its discretion and

September 20 was otherwise a verbatim order to that entered on June 11, 2012. Within thirty days of the trial court's filing of that subsequent order, appellant filed its notice of appeal, on October 10, 2012.

The notice of appeal was, nevertheless, untimely filed. Generally, a lower court's order is final and thus directly appealable when "there are no issues remaining to be resolved in the lower court."[4] In the instant case, "[t]he [June 11, 2012 confirmation order] was an appealable order, the failure to file a timely notice of appeal from which is one of the statutory grounds for dismissal."[5] Nothing in the record shows, and the appellant has not asserted, that the trial court's action in vacating the original order and effectively reinstating the same order extended the time for filing a notice of appeal from the June 11, 2012 directly appealable confirmation order.[6]

---

ordered the Clerk of the Camden County Superior Court to transmit by supplemental record a copy of said order with a legible date-stamp, which transmitted supplement revealed that the order was filed on September 20, 2012.

[4] *Mays v. Rancine-Kinchen*, 291 Ga. 283, 284 (729 SE2d 321) (2012); see OCGA § 5-6-34 (a) (1) ( a trial court's order constitutes a final judgment "where the case is no longer pending in the court below").

[5] *Forrester v. Ladwig*, 247 Ga. 426 (276 SE2d 613) (1981) (citation omitted); see OCGA § 5-6-48 (b) (1) (providing for dismissal of appeal for failure to file notice of appeal within the time required).

[6] Cf., e.g., *Veasley*, supra (citing *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980), as providing for the thirty-day period for filing a notice of appeal to begin anew upon re-entry of appealable order); *Cambron*, supra ("where no notice is sent by the trial court or by the clerk to the losing party, . . . an action may be brought . . . to set aside the earlier judgment"); *Brown v. E.I. DuPont De Nemours & Co.*, 240 Ga. App. 893, 894-896 (1, 4) (525 SE2d 731) (1999) (where appellant maintained that he did not receive timely notice of trial court's order, his recourse was a motion to set aside; where the trial court's *order denying appellant's motion to set aside* failed to make clear "whether the court's denial of [appellant's] motion to vacate and set aside was proper under *Cambron*," vacating the order denying appellant's motion and remanding the case to trial court with direction).

From the appellate record,[7] together with the appellant's brief,[8] we conclude that the sole purpose of the trial court's order vacating and re-entering its confirmation order was to begin anew a 30-day time frame in which appellant could pursue an appeal. Such procedural maneuver is not permitted, however, to circumvent the cited requirement of OCGA § 5-6-38 (a).[9]

Pursuant to OCGA § 5-6-38 (a), appellant should have filed its notice of appeal within 30 days of the appealable order entered June 11, 2012. Appellant's failure to do so deprives this Court of jurisdiction of this appeal, and the same is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 05/17/2013
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*

---

[7] See *Williams v. Food Lion*, 213 Ga. App. 865, 868 (446 SE2d 221) (1994) (on motion for reconsideration) ("It is the primary responsibility of the appropriate parties and not this court to ensure that all documents relevant to the disposition of an appeal be duly filed with the clerk of this Court prior to the issuance of our appellate decision.").

[8] See Court of Appeals Rule 25 (a) (1) ("The brief of appellant . . . shall contain . . . a succinct and accurate statement of the proceedings below and the material facts relevant to the appeal and the citation of such parts of the record or transcript essential to a consideration of the errors complained of, and a statement of the method by which each enumeration of error was preserved for consideration.")

[9] See *Forrester*, supra at 426-427 (a notice of appeal filed within 30 days of a trial court's order "merely reaffirming" a prior appealable judgment was nevertheless untimely, where the notice of appeal was filed more than 30 days after the filing of the appealable judgment); *Houston County v. Harrell*, 287 Ga. 162, 164 (695 SE2d 29) (2010) ("Litigants cannot under any circumstances dictate the procedural or jurisdictional rules of this Court.") (citation and punctuation omitted).