**FIRST DIVISION
BARNES, P. J.,
MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**March 11, 2020**

# In the Court of Appeals of Georgia

A19A1690. SYED v. MERCHANT'S SQUARE OFFICE
  BUILDINGS LLC et al.

BARNES, Presiding Judge.

Asher Syed appeals from the denial of his motion to set aside judgment pursuant to OCGA § 9-11-60 (g),[1] and asserts that he never received certain of the trial court's orders, including the default final judgment in favor of Merchant's Square Office Buildings, LLC and Safeway Group, Incorporated (Appellees). Thus, Syed contends, the trial court erred by failing to set aside the judgment and re-enter

---

[1] Syed filed an application for discretionary review of the trial court's order, however "[m]otions to set aside brought on the grounds that the court failed to notify the losing party of its decision are cognizable as motions to correct a clerical error pursuant to OCGA § 9-11-60 (g) and are properly the subject of a direct appeal." _Downs v. C.D.C. Fed. Credit Union_, 224 Ga. App. 869, 869 (1) (481 SE2d 903) (1997). Thus, this Court granted Syed's application as a timely discretionary application from a lower court's order that is subject to direct appeal. See OCGA § 5-6-35 (j).

the final order pursuant to the duty imposed on the court by OCGA § 15-6-21 (c). For the reasons that follow, we affirm.

This Court reviews the denial of a motion to set aside a default judgment for an abuse of discretion. *Sanson v. State Farm Fire & Cas. Co.*, 276 Ga. App. 555, 556-557 (623 SE2d 743) (2005). So viewed, the relevant facts demonstrate that Syed filed the underlying complaint against the Appellees , and thereafter on June 8, 2017, the trial court entered a Case Management Order setting trial deadlines for, among other things, discovery. The Appellees served discovery on Syed on July 3, 2017, after which, on July 21, 2017, Syed filed a motion for an extension of time in which to answer discovery, which the trial court granted by order entered on July 31, 2017. The trial court directed that Syed respond to the Appellees' "interrogatories and request for documents [by] August 15, 2017."

When Syed did not respond by the discovery deadline, on August 25, 2017, the Appellees sent an email to Syed's attorney asking for the discovery responses "within 5 days (and, of course, with no objection since such have now been waived.)" Thereafter, on September 7, 2017, the Appellees filed a motion to compel discovery, which, following a hearing at which neither Syed nor his counsel appeared, the trial court granted by order entered on October 12, 2017. Per the order, Syed was directed

to respond to the discovery request within ten days of the date of the order, and warned that failure to comply could result in sanctions, including striking the complaint and entering default judgment for the Appellees. Syed did not respond to the order. On December 13, 2017, following a hearing at which Syed again failed to appear, the trial court entered a final order granting default judgment to the Appellees, and noting that Syed had failed to respond to the discovery request and discovery deadlines in the trial court's subsequent order compelling discovery. The order further noted "that [Syed] has and continues to willfully disregard the judicial process and this Court's order." The order was mailed to the address on file, but was returned stamped, "return to sender, not deliverable as addressed, unable to forward."

In April 2018, Syed obtained new counsel who learned that the case had been dismissed. On July 12, 2018, Syed's new attorney filed a motion to set aside the judgment under OCGA § 9-11-60, arguing that the order should be set aside under OCGA § 9-11-60 (d) and (g) because he had not received any of the trial court's orders, including the final default judgment dismissing his complaint. At the subsequent hearing on the motion, Syed's former counsel testified that the law firm's

> physical address is 3295 River Exchange Drive. . . [a]nd for jurisdictional purposes, and for all matters really, we're in Sandy

3

Springs. . . Everything else around us is Peachtree Corners and Roswell. We're on the border of a lot of different municipalities. But for jurisdictional purposes we always write down Sandy Springs because . . . for the Court's purposes or any purpose legally that's where we lie.

He testified that prior to August of 2017, there had never been an issue with delivery of the mail to the Sandy Springs address and that the mail issues since then have "been a nightmare" for the firm. The trial court denied the motion to set aside, and this appeal ensued.

OCGA § 15-6-21 (c) provides, in pertinent part, that: "When he or she has so decided, it shall be the duty of the judge to file his or her decision with the clerk of the court in which the cases are pending and to notify the attorney or attorneys of the losing party of his or her decision." See *Brown v. E.I. du Pont de Nemours & Co.*, 240 Ga. App. 893, 894-895 (1) (525 SE2d 731) (1999) ("A trial judge has a duty to file his decision with the clerk of the court in which the cases are pending and to notify the attorney or attorneys of the losing party of his decision.") When "notice of the entry of an appealable order is not given, the losing party should file a motion to set aside, and the trial court should grant the motion and re-enter the judgment, whereupon the 30-day appeal period would begin to run again." (Citation omitted.) *Veasley v. State*, 272 Ga. 837, 838 (537 SE2d 42) (2000). See *Tyliczka v. Chance*, 313

4

Ga. App. 787, 788 (723 SE2d 27) (2012) ("if a trial judge fails to give the required notice of a decision, a party aggrieved by the decision is entitled to have it set aside under OCGA § 9-11-60 (g).") (citations omitted). However, "the issue is not whether the losing party had knowledge that judgment was entered, but rather whether the duty imposed on the court in OCGA § 15-6-21 (c) was carried out." (Citation omitted.) *Wright v. Young*, 297 Ga. 683, 684 n. 3 (777 SE2d 475) (2015) (disapproving in part *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980), the extent that it holds "that notice must be sent and *received* in order to deny a motion to set aside in these circumstances, it is disapproved. OCGA § 15-6-21 (c) only requires that the trial court give notice to the losing party. If the trial court has in fact given notice, then a motion to set aside may be properly denied whether or not the losing party actually received the notice.") (emphasis in original); *Moore v. State*, 305 Ga. 699, (827 SE2d 657) (2019) ("In *Wright*, this Court clarified that "OCGA § 15-6-21 (c) only requires that the trial court give notice to the losing party," and disapproved *Cambron* to the extent it held that 'notice must be sent and received.'") (citation omitted).

Here, pretermitting whether, as Syed contends, he did not receive the order entering final judgment and dismissing his claim, it is unrefuted that the trial court

5

mailed the order to the address on record, although it was later returned stamped undeliverable.[2] As previously noted, our determination is not predicated on the losing party's knowledge, but " rather [on] whether the duty imposed on the court in OCGA § 15-6-21 (c) was carried out." *Wright v. Young*, 297 Ga. at 684. In this case, given the foregoing, the trial court properly discharged the duty imposed by OCGA § 15-6-21 by providing notice to Syed of the final judgment and thus did not err in denying the motion to set aside.

While the order does not specifically state that notice required pursuant to under OCGA § 15-6-21 (c) was provided, given the facts and pleadings under which the trial court denied the motion to set aside, such determination was inherent in the trial court's order. See *Woods v. Savannah Restaurant Corp.*, 267 Ga. App. 387, 388 (599 SE2d 338) (2004) ("[T]he trial court set out the facts under which it found the motion to set aside should be denied. As such, it is inherent in the trial court's order denying Woods' motion to set aside the final judgment that the trial court found that the requirement for notice under [O.C.G.A. § 15-6-21 (c)] . . . had been complied

---

[2] OCGA § 9-11-5 (b) provides, in relevant part, that "[s]ervice upon the attorney or upon a party shall be made by delivering a copy to the person to be served or by mailing it to the person to be served at the *person's last known address*[.]" (emphasis supplied).

with."); *Intertrust Corporation v. Fischer Imaging Corporation*, 198 Ga. App. 812, 813 (1) (403 SE2d 94) (1991("although there was no specific finding that notice to [appellant's] counsel was not made, such a finding is inherent in the trial court's action and in the absence of a contrary showing, the trial court will be presumed to have followed the law.") (citation and punctuation omitted). Compare *Pierce v. State*, 289 Ga. 893 (2) (717 SE2d 202) (2011) (when no determination as to whether notice was provided under OCGA § 15-6-21 (c), order denying motion to set aside must be vacated and case remanded for trial court to make necessary finding as to notice); *Grant v. State of Ga.*, 302 Ga. App. 739, 741-742 (691 SE2d 623) (2010) (same).

*Judgment affirmed. Mercier and Brown, JJ., concur*.