# Court of Appeals
# of the State of Georgia

ATLANTA,  August 10, 2022

*The Court of Appeals hereby passes the following order:*

**A23A0070. EUGENE J. HOWARD v. THE STATE.**

In 2004, Eugene J. Howard pled guilty in Catoosa County Superior Court to aggravated sodomy and aggravated child molestation. He was sentenced to 20 years, to run concurrently with a sentence entered on a conviction from Whitfield County Superior Court. In 2021, Howard filed a motion to modify his Catoosa County conviction and sentence. On June 7, 2022, the trial court denied the motion, and on July 21, 2022, Howard filed a notice of appeal. We lack jurisdiction for two reasons.

First, the notice of appeal is untimely. A notice of appeal must be filed within 30 days of entry of the order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this Court. *Veasley v. State*, 272 Ga. 837, 838 (537 SE2d 42) (2000). Howard filed his notice of appeal 44 days after entry of the trial court's order denying his motion.[1] Accordingly, this appeal is untimely.

Second, even if Howard had filed a timely notice of appeal, he had no right of appeal here. Under OCGA § 17-10-1 (f), a court may modify a sentence only during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, as it has here, a trial court may modify a sentence only if that sentence is void—i.e, only if it imposes a punishment that the

---

[1] Although Howard signed the notice of appeal on July 15, it was not stamped "filed" in the superior court until July 21. Even under the earlier date of July 15, however, the notice of appeal would still be untimely.

law does not allow. Id. See also *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) ("[w]hen the sentence imposed falls within the statutory range of punishment, the sentence is not void and is not subject to post-appeal modification"). And a direct appeal may lie from an order denying a motion to amend or modify a sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. *Jones*, 278 Ga. at 671. See also *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).

In his motion, Howard did not allege that his sentence fell outside the permissible statutory range. Instead, he argued that his Catoosa County convictions were improperly based on the same evidence as his Whitfield County convictions, and that his guilty plea was coerced because the trial court did not explain his rights. These arguments, however, are challenges to the validity of Howard's convictions, not his sentence. See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010) (defendant's merger claim was a challenge to his conviction, not his sentence); *Coleman v. State*, 305 Ga. App. 680, 680 (700 SE2d 668) (2010) (because defendant's claims of error "challenge only the procedures employed in imposing the sentence" entered on his guilty plea, they "do not raise a valid allegation that the sentence was void"). Because Howard has not raised a colorable claim that his sentence is void, we lack jurisdiction to consider this appeal. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __08/10/2022__

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*