# Court of Appeals
# of the State of Georgia

ATLANTA,  August 11, 2025

*The Court of Appeals hereby passes the following order:*

## A25A2160. IN RE ESTATE OF MICHAEL TODD MADLEM.

During probate proceedings regarding the estate of Michael Todd Madlem, the mother of Madlem's minor son ("Mother") filed a petition seeking a year's support for the child in the amount of $100,000. Several months later, Mother filed an amended petition for support, seeking an award of $250,000. In October 2020, the probate court entered a "Final Order for Year's Support," granting Mother's petition and stating that "the property shown on the schedule of property attached hereto as Exhibit 'A' and made a part hereof is hereby awarded to Decedent's minor [son]." However, there was no exhibit attached to the order. Several years later, in June 2024, the estate's administrator filed a motion for clarification, seeking to determine whether the court's October 2020 order awarded the minor son $100,000 or $250,000 as a year's support. On February 23, 2025, the probate court entered an order noting that Mother had failed to serve her amended petition for a year's support on all interested parties in the probate court proceeding. Accordingly, the probate court found that the minor son was entitled to receive $100,000 (the amount sought in Mother's original petition) as a year's support. The court's certificate of service, however, shows that the only party served with the February 23 order was the estate administrator. After learning of the order, Mother filed her notice of direct appeal on April 11, 2025. We lack jurisdiction.

A notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38 (a). "The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon an appellate court." *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012)

(punctuation omitted). Here, Mother's notice of appeal was not filed until 47 days after entry of the probate court order at issue. Consequently, we lack jurisdiction to consider this appeal.

In reaching this conclusion, we note that any failure by the probate court to provide Mother with notice of the order did not extend the time for filing the notice of appeal. See *Veasley v. State*, 272 Ga. 837, 838 (537 SE2d 42) (2000). Instead, where a lower court fails to provide a party with notice of an order, the appropriate remedy is for the affected party to move to have the judgment set aside under OCGA § 9-11-60 (g). See *Rampersad v. Plantation at Bay Creek Homeowners Ass'n.*, 362 Ga. App. 329, 335 (3) (c) (868 SE2d 475) (2022). See also *Veasely*, 272 Ga. at 838-839. "[T]he trial court should grant the motion and re-enter the judgment, whereupon the 30-day appeal period would begin to run again." *Garcia-Diaz v. Women's Specialists of North Georgia*, 367 Ga. App. 479, 480 (2) (887 SE2d 77) (2023) (citation and punctuation omitted). This procedure "serves to correct the prejudice caused by a trial court's error in failing to notify the losing party of the judgment[,]" and preserves the party's appellate rights. *Winslett v. Guthrie*, 326 Ga. App. 747, 752 (4) (755 SE2d 287) (2014) (citation, punctuation, and emphasis omitted).

Here, there is no indication that the probate court has ruled on any request to set aside the February 23, 2025 order. Given that fact, and because the appeal is untimely as to the order at issue, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,*   08/11/2025

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*